McCALEB, Justice.
 

 In December, 1953, Harlan F. Lester filed a complaint in the Federal District
 
 *350
 
 Court for the Western District of. Loui-. siana seeking damages for personal injuries sustained as the result of the alleged malpractice and negligence of his physician, Dr. Edith Rigsby Burton, in administering shock treatments to him for a mental disorder. That action was brought against Aetna Casualty and' Surety Company, the liability insurance carrier of Dr. Rigsby, under LSA-R.S. 22:655, the direct action statute of this State.
 

 During the pendency of the case in the Federal Court, the insurance company, Dr. Rigsby and her husband, Cleve Burton, instituted the instant suit in the District Court of Caddo Parish against Lester under the Uniform Declaratory Judgments Act, LSA-R.S. 13:4231-13:4246, praying for a declaration of non-liability on the ground that Dr. Rigsby was without fault and, alternatively, for judgment fixing the amount of damages to which Lester might be entitled if the Court found otherwise.
 

 Lester excepted to the petition, contending that it did not state a case for declaratory relief, and also pleaded that the Court was without jurisdiction ratione materiae. After a hearing, the District Judge dismissed the suit on the exception of no right or cause of action, concluding “that the Declaratory Judgments Act of Louisiana does not extend to contested litigation on the merits of ex delicto actions”. Plaintiffs then appealed to the Court of Appeal for the Second Circuit and that court certified certain questions of law to us for determination, stating that the suit presented matters of first impression and of far reaching importance which should be settlfed by this tribunal.
 

 There are eight questions presented by the certification of the Court of Appeal. Several of them are phrased in broad terms and, to answer them, would require a dissertation upon the construction and application of the Uniform Declaratory Judgments Act, far beyond the needs of this particular case. However, forasmuch as we are aware that the courts throughout the State are frequently confronted with demands for declaratory relief, we believe that it is in order to give our views respecting the general application of the statute, which, at the same time, will provide the key to the procedural question posed in this suit. And, rather than remand the case to the Court of Appeal for decision, we exercise the privilege accorded us by; Section 25 of Article 7 of the Constitution of considering and disposing of the case as though it had been directly appealed to this court.
 
 [1]
 

 The precise issue in the instant matter is whether the courts of this State should entertain an application for declaratory relief in a controversy arising out of an alleged offense or quasi offense when there is an action already pending in another
 
 *352
 
 forum involving the question of liability-ex delicto of one of the plaintiffs in the suit.
 

 The Uniform Declaratory Judgments Act was adopted by the Legislature in 1948, see Act 431 of 1948, also Act 22, Extra Session of 1948. The statute contains 16 sections, LSA-R.S. 13:4231-13:4246, the most important of these being the first, LSA-R.S. 13:4231, which invests courts within their respective jurisdictions with broad discretionary powers to declare rights, status or other legal relations between litigants.
 
 [2]
 
 The only limitation upon the powers thus conferred is to be found in Sections 5 and 6 of the Act, LSA-R.S. 13 ¡4235-13
 
 -A236,
 
 and is of a discretionary nature, providing that the court may refuse to render a declaratory judgment when it would not terminate the controversy or remove the uncertainty which gives rise to the proceeding.
 

 The other sections of the Act deal with matters of no appreciable consequence. Sections 2, 3 and 4, LSA-R.S. 13:4232-13:4234, list different sorts of rights and particular types of cases which are subject to declaratory procedure but then Section 5, LSA-R.S. 13:4235; renders these sections superfluous by declaring that “The enumeration in R.S. 13:4232 through R.S. 13:4234 does not limit or restrict the exercise of the general powers conferred in R.S. 13:4231, in any proceeding where declaratory relief is sought * * *.” Section 7, LSA-R.S. 13:4237, provides for the review of all declaratory orders or judgments
 
 [3]
 
 and Section 8, LSA-R.S. 13 :- 4238, gratuitously states that supplemental relief may be granted wherever necessary or proper. Section 9, LSA-R.S. 13:4239, permits trials on issues of fact as well as law in proceedings for declaratory relief; Section 10, LSA-R.S. 13:4240, allows costs to be awarded equitably and Section 11, LSA-R.S. 13:4241, provides for the joinder of all persons having an interest which would be affected by the declaration. Section 12, LSA-R.S. 13:4242, states that the Act is remedial in nature and that its provisions are to be liberally construed and Section 13, LSA-R.S. 13:4243, provides the interpretation of the word “person” as used therein. Section 14, LSA-R.S. 13:4244, is a severability clause and Section IS, LSA-R.S. 13:4245, is the stereotyped clause for a uniform interpretation
 
 *354
 
 of the statute in those states which enact it to bring it in harmony with Federal laws on the subject. The last Section, LSA-R.S. 13:4246, provides for citation of the statute as the “Uniform Declaratory Judgments Act.”
 

 Viewed as a whole, the legislation manifests an effort to provide a simplified procedural remedy for all classes of civil disputes and vests in the courts a wide discretion in each case to determine whether it is or is not one for declaratory relief.
 
 [4]
 
 The statute is undoubtedly a most valuable supplement to the cumbersome common law procedure but its worth to a State like Louisiana, having a Code of Practice which has worked satisfactorily and efficiently for over 80 years, remains to be proven. At any rate, we do not believe that the statute should be employed as a substitute for the well-defined actions provided for in our Code of Practice or those which have been established by jurisprudence unless, by reason of the special circumstances of the case, the codal procedure does not furnish an adequate remedy.
 

 In adopting this policy, we are not unmindful of the provision of the statute that it should be given uniformity of interpretation with those States that enact it so as to bring it in harmony witji the Federal laws on the subject. But, even if we assume that the Legislature acts within its own sphere
 
 [5]
 
 in demanding such an interpretation, an examination of the authorities from other states (and the books are full of them)
 

 [6]
 

 does not reveal a uniform pattern of application and construction of the statute that this court would be able to follow. Hence, we must perforce construe and apply the act according to its own terms, giving due regard to our established procedure so that it may take a useful and proper place therein. By adopting this course, we deduce, as we have stated above, that the Act is merely an adjunct to the civil procedure outlined in our Code of Practice of 1870 and should not be substituted therefor, save upon a showing by the litigant seeking the declaratory relief that the ordinary or summary proceedings recognized in the law and jurisprudence do not avail him an adequate remedy.
 

 But for the foregoing limitation upon its use in this State, our views coincide with the great weight of opinion on the subject that the Declaratory Judgments Act extends to all types of actions; that its scope is pervasive when a justiciable controversy is presented but that whether the relief sought will be granted is a mat
 
 *356
 
 tér-'bf judicial discretion to be determined after-Considering.the case on its own peculiar facts. See Borchard, “Declaratory Judgments”, 2d Ed., p. 312, Anderson, “Actions for Declaratory Judgments”, Vol. 2, Sec: 383 et seq.; Pugh, "The Federal Declaratory Remedy”, 6 Vanderbilt Law Review, 79, 97 and Moore,. “Federal Practice”, Vol. 6, p. 3131, Sec. 57.21(4).
 

 In the case at Bar, we think that the district judge exercised a wise discretion. in dismissing plaintiffs’ action on the exception of no right or cause of action. In fact,, we are unable to visualize any good reason' why the Declaratory Judgments Act should be employed in tort cases in the: absence of a showing of most extraordinary -circumstances. Since the injured party has only one year to institute his claim for damages, it is evident that he is afforded ■ an adequate remedy which, as to the 'tort-feasor, must be exercised with dispatch. Consequently, in ordinary ex delicto, cases, such as this, the Declaratory Judgments Act serves no beneficial purpose .and its use would be an abuse of its object.
 
 [7]
 

 Moreover, in the matter at hand, it appears that the injured party has already brought .his action for damages, having elected to proceed in the Federal Court under our direct action statute against the alleged tort-feasor’s insurer alone. It is manifest that, since all matters of legal liability and damages are pending and can be settled in that forum, no useful purpose would be gained by entertaining this action in the State court. Indeed, we believe that this case furnishes a classic example of attempted misuse of the Declaratory Judgments Act, as it is reasonable to deduce that this suit was'filed in an endeavor to obtain a decision from the State court on issues of negligence and damages ' in advance of a hearing in the Federal Court so that that court would be bound thereby.
 

 But, should we be mistaken as to the underlying purpose of this suit, we would be loathe to entertain it as a matter of comity alone. And, in this connection, we may add that all of the authorities seem to be in agreement that declaratory relief will be denied when the' issue presented by the action is already pending in another forum.
 
 [8]
 

 
 *358
 
 For the foregoing reasons, the judgment of the District Court is affirmed.
 

 [1]
 

 . This procedure' was adopted in Louisiana Wholesale Distributors Ass’n v. Rosenzweig, 214 La. 1, 36 So.2d 403.
 

 [2]
 

 . LSA-R.S. 13:4231 provides: “Courts of record within, their respective jurisdie- " tions
 
 may
 
 declare rights, status, and ■ ■ other legal relations whether or not ■ • further relief is or could be claimed. No action or proceeding shall be open to ob- • jection on the ground that a declaratory-judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.” (Italics ours.)
 

 [3]
 

 . An unnecessary provision in Louisiana, since the right of appeal from all judgments of the- district courts in civil eases is vouchsafed by our Constitution. See Sections 10 and 29 of Article 7.
 

 [4]
 

 .See Borchard, Declaratory Judgments, 2d Ed., p. 312 and Moore, Federal Practice, Yol. 6, p. 3131. See. 5'7.21(4).
 

 [5]
 

 . See Sections 1 and 2 of Article 2 and Section 18 of Article 3 of the Constitution.
 

 [6]
 

 . 1 C.J.S., Actions, § 18d and authorities cited therein.
 

 [7]
 

 . Even the common law authorities have consistently refused to extend the Declaratory Judgments Act to negligence cases. See annotation 28 A.L.R.2d 957 ; and eases there cited and Anderson, “Declaratory Judgments”, Vol. 1, Sec. 191, ,p. 383.
 

 [8]
 

 . Borchard, “Declaratory Judgments”, 2d Ed., pp. 350, 351, says: “Where an ac-it-ifrh -or- proceeding is already pending in ,. another forum involving the same .issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by the defendant or the plaintiff in that suit. • This rule embraces not only cases where the identical issues between the same parties are
 
 sub judioe,
 
 but also possibly cases in which the issues only are identical but not the parties. It would include cases in which the' petitioner for a ■ declaration should legitimately be relegated to advance his claim or assertion as a de
 
 *358
 
 fense to the action at law, naturally only under circumstances where that is possible in a pending suit.”
 

 See also U. S. Fidelity & Guaranty Co. v. Savoy Grill, 1936, 51 Ohio App. 504, 1 N.E.2d 946; Maryland Casualty Co. v. Boyle, 4 Cir., 1941, 123 F.2d 558 and Illinois Cent. R. Co. v. Bullock, 5 Cir., 1950, 181 F.2d 851 and Annotation 135 A.L.R. 934.