95 So.2d 825

Michael THEODOS and Stork Club, Inc.,

v.

BOSSIER CITY et al.

No. 43044.

May 6, 1957.

Rehearing Denied June 10, 1957.

Ferris & Achee, Shreveport, for plaintiffs-appellants.

J. L. Thomas, Jr., Bossier City, for defendants-appellees.

McCALEB, Justice.

Michael Theodos is the owner of all of the outstanding stock of Stork Club, Inc., which operates a cabaret known as the "Stork Supper Club" and "Stork Theatre Restaurant", presently located within the corporate limits of Bossier City, Louisiana. In his capacity as owner and operator of this establishment, Theodos joined with Stork Club, Inc. in the institution of this suit under the Uniform Declaratory Judgments Act (R.S. 13:4231–4236) to have the business declared to be a "restaurant" within the meaning of two municipal closing ordinances of Bossier City (Ordinance No. 367 of 1946 and Ordinance No. 201 of 1932) and the State Sunday Law (R.S. 51:191–192) and that it is expressly exempted from the closing provisions of those enactments.

In addition to the defendant municipality, plaintiffs directed the action against the Mayor, Burges E. McCranie, the Chief of Police, James L. Cathey and the City Attorney, J. L. Thomas, Jr.

The facts of the case, which are undisputed, are substantially detailed in the petition. They are as follows:

On August 14, 1955, the property upon which the Stork Club is located became part of the corporate limits of Bossier City by virtue of an annexation ordinance. At that time, there were in effect two city ordinances, No. 201 of 1932, which is substantially a counterpart of the State Sunday Closing Law (R.S. 51:191–192) and provides for the closing on Sundays of all places of business save certain specified establishments, i. e., restaurants, hotels, boarding houses, drug stores, etc., and No. 367 of 1946, a more extensive closing ordinance, which, in addition to providing for the closing on Sundays of taverns, houses of public entertainment and shops for retailing liquors, declared that such establishments be closed from twelve o'clock midnight until 7:00 a. m. on all other days of the week and made it unlawful for any liquor to be sold, bartered, exchanged or consumed on the premises during those specified periods. Section 2 of the ordinance, however, contained an exception that the closing provisions were not to apply to "restaurants, drug stores or hotels which shall be allowed to remain open but shall not be allowed to sell alcoholic liquor or beverages during the restricted hours."

Shortly after the annexation ordinance became effective, the Chief of Police of Bossier City informed plaintiff Theodos that he would arrest him if the Stork Club was not promptly closed at midnight. Theodos replied that the Stork Club was a restaurant and, since no liquor was being sold or consumed on the premises after midnight, the club would remain open after that hour for the purpose of serving food. At about 12:10 o'clock on the morning of August 17, 1955, Theodos was arrested and charged with violation of Ordinance No. 367 of 1946. He was thereafter tried and convicted in the City Court of Bossier City and sentenced to pay a fine of $100 and to serve 15 days in jail. He appealed to the District Court for the Parish of Bossier, his contention being that the operations conducted by the Stork Club were exempted from the ordinance because the Stork Club was operating a restaurant business.

While this appeal was pending, Theodos and the Stork Club, Inc. brought the present suit for a declaratory judgment to have determined the legal status of the Stork Club within the meaning of the above mentioned closing ordinances and the State Sunday Law and requested, as an adjunct to the declaratory judgment, that they be given injunctive relief. On the rule nisi for a preliminary injunction, defendants

filed an exception of no right or cause of action and also answered, admitting the salient facts, but denying plaintiffs' contention that the Stork Club was exempted from the provisions of the laws or otherwise entitled to a declaratory judgment.

After a hearing on these issues, the judge sustained the exception of no right or cause of action but only insofar as plaintiffs' request for injunctive relief was concerned. The case was thereafter tried on the merits on the petition for a declaratory judgment. Plaintiffs introduced much evidence at the hearing in an attempt to show that the Stork Club was, in fact, a restaurant and that the only feature which distinguished it from other restaurants in Bossier City was that it provided an orchestra for dancing and nightly floor shows. After completion of this evidence, the case was submitted to the judge for his decision and, on October 11, 1955, while the case was under advisement, the Council of Bossier City adopted a new ordinance, No. 581 of 1955, which repealed Ordinance 367 of 1946. In view of this development, the case was reopened by agreement of counsel for all parties for the specific purpose of making the new ordinance part of the record. Simultaneously with the reopening of the case, counsel for defendants filed another exception of no right or cause of action alleging that, by reason of the repeal of Ordinance 367 of 1946, the case was now moot. The judge sustained this exception

and dismissed plaintiffs' suit. Plaintiffs have appealed, contending that the judge improperly denied their request for injunctive relief; that he erred in dismissing the suit for a declaratory judgment since the new ordinance, No. 581 of 1955, is substantially the same as the repealed ordinance and that he also erred in neglecting to consider their demand for a declaratory judgment with respect to Ordinance 201 of 1932 and the State Sunday Closing Law.

We think it evident from the above stated facts that the judge was correct in denying plaintiffs' demand for injunctive relief and that he also reached the proper result in subsequently refusing a declaratory judgment after the hearing on the merits. However, it is our opinion that he should have sustained defendants' exception of no right or cause of action as to the entire demand, in limine litis, when the case was heard on the rule nisi for a preliminary injunction.

At the outset, it is perceived that plaintiffs, in their demand for a declaration that the establishment known as "Stork Supper Club" is a restaurant and, as such, exempt from the penal provisions of a municipal closing ordinance, are attempting to bypass the ordinary processes of the criminal laws and require enforcement of the claimed exemption by use of the equitable writ of injunction. Such a request appears to be wholly at variance with the jurisprudence of this Court—certainly, so far as injunctive relief is concerned.

It has many times been held that a district court, proceeding as a court of equity, is without right to interfere with the enforcement of penal laws and that an injunction should not be granted save in exceptional circumstances, that is, where not only an invasion of a property right and irreparable injury is clearly shown but also that the statute or ordinance is manifestly on its face unconstitutional. LeBlanc v. City of New Orleans, 138 La. 243, 70 So. 212; State v. City of New Orleans, 141 La. 788, 75 So. 683 and Godfrey v. Ray, 169 La. 77, 124 So. 151. Compare Olan Mills, Inc., v. City of Bogalusa, 225 La. 648, 73 So.2d 791.

In the case at bar, plaintiffs do not contend that the ordinances or the State Sunday Law are unconstitutional but merely that the closing provisions are inapplicable because the business of the Stork Club has been specifically exempted by the enactments. Accordingly, it is clear that the judge was correct in sustaining the exception of no right or cause of action as to plaintiffs' demand for injunctive relief.

But, further than this, we doubt that the Court had discretion to entertain plaintiffs' petition for declaratory relief under the facts of this case. The jurisprudence throughout this country on declaratory judgments is far from uniform as to whether a declaration will be given by a court of equity when a plaintiff is contending that he is exempt from the provisions of a criminal law. However, conceding that the action will lie, relief will not be granted in the absence of certain clearly defined conditions and circumstances. Professor Borchard, a leading authority and proponent for the use of declaratory judgments, sets forth the general rule in cases such as this as follows:

"On the other hand, not every doubter of his rights under a law carrying a criminal penalty should be permitted to invoke the protection of a civil adjudication. If the District Attorney actually obtains an indictment or begins his prosecution, the rules of equity should limit the occasion for the court's exercise of its power of restraint, and the prosecuting officer must have considerable leeway in selecting the offense and offenders to be indicted. Where the prosecution is imminent but not yet begun, equity exercises more latitude in protecting property or a business against the impending prosecution. Only where the District Attorney fails to initiate the suit, or where he threatens to prosecute or charges a violation of law and then fails to follow up the threat or charge, is the foundation laid for an action by the party charged for a declaration either that the statute or regulation is invalid or that his conduct is privileged, i. e., not within the terms of the prohibitory statute. Mention has already been

made of the fact that a statute imposing new and heavy burdens on a business should be challengeable for unconstitutionality or construction and interpretation, regardless of what the Attorney General may think of these matters." Borchard, Declaratory Judgments, p. 1022 (2d Ed.).

In Louisiana, this Court has in no uncertain terms limited the use of the declaratory judgment act stating that " * * * the statute should not be employed as a substitute for the well-defined actions provided for in our Code of Practice or those which have been established by jurisprudence unless, by reason of the special circumstances of the case, the codal procedure does not furnish an adequate remedy." See Burton v. Lester, 227 La. 347, 79 So. 2d 333.[1]

■ Whether an action for a declaratory judgment will be countenanced in any instance where the plaintiff is seeking to have his rights or liabilities determined under a penal statute, without a claim of invalidity of the law, we need not here determine. It suffices to say that, despite the variegated opinions of the courts with respect to the use of the declaratory judgment act in numerous and sundry situations, it is settled in a majority of, if not all, jurisdictions that a civil court abuses its discretion in entertaining a suit for a declaratory judgment when a criminal action is pending against the plaintiff in the State courts involving the identical question on which the plaintiff asks a declaratory judgment. Spence v. Cole, 4 Cir., 137 F.2d 71; Updegraff v. Attorney General, 298 Mich. 48, 298 N.W. 400, 135 A.L.R. 931; Woollard v. Schaffer Stores Co., 272 N.Y. 304, 5 N.E.2d 829, 109 A.L.R. 1262; Borchard, Declaratory Judgments (2d Ed.) pp. 312, 653, 1022; Anderson, Actions for Declaratory Judgments (2d Ed.) Sec. 209, p. 443 and Sec. 210, p. 457; 23 Cornell Law Quarterly, 314, 318. But see Ostander v. Linn, 237 Iowa 694, 22 N.W.2d 223; Watson v. Centro Espanol De Tampa, 158 Fla. 796, 30 So.2d 288.

■ Thus, in view of the prior prosecution and conviction of Theodos for violating Ordinance No. 367 of 1946, which was pending on appeal in the district court at the time this suit was brought, the trial judge should have refused to take cognizance of this case and dismissed the suit in its entirety on the exception of no right or cause of action presented in limine on the rule nisi.

---

1. In that matter, we approved the dismissal of a suit for a declaratory judgment brought by a physician and her liability insurance carrier against the defendant who was claiming damages for personal injuries sustained as a result of the alleged malpractice and negligence of the physician and had previously filed a tort action against the physician's insurance carrier in the Federal Court.

Counsel for plaintiffs in their brief, in complaining of the action of the judge in subsequently dismissing the suit on the ground that it became moot upon the repeal of Ordinance No. 367 of 1946 when the new ordinance (No. 581 of 1955) was enacted, maintain that this was error because the new ordinance was substantially the same as the 1946 ordinance and, further, that the judge failed to take into consideration the fact that plaintiffs were seeking a declaratory judgment with respect to whether the Stork Club was exempt from the provisions of Ordinance No. 201 of 1932 and the State Sunday Law, R.S. 51:191–192.

There is no merit in these contentions. If the judge had sustained the exception of no right or cause of action in limine litis, as we believe he should have done, the case would have been dismissed prior to the repeal of the 1946 ordinance and there would have been no occasion to determine whether the new ordinance, enacted on October 11, 1955, was substantially the same as the former one or whether such ordinance could have been considered under plaintiffs' prayer for general relief.[2]

▋ Insofar as plaintiffs' prayer for a declaratory judgment as to the State Sunday Closing Law (R.S. 51:191–192) is con-

cerned, the petition shows no basis for relief. Plaintiffs were not being prosecuted under this statute nor does it appear that there was ever a threat of criminal prosecution. Obviously, then, there was no justiciable controversy; plaintiffs were merely seeking an advisory opinion as to the status of the Stork Club under the State statute. See Tugwell v. Members of the Board of Highways, 228 La. 662, 83 So.2d 893.

▋ The same may be said of plaintiffs' demand for a declaratory judgment as to their status under Ordinance No. 201 of 1932 of the City of Bossier. This ordinance, as we have above pointed out, is practically a counterpart of the State Sunday Closing Law and is not as onerous as Ordinance No. 367 of 1946, under which Theodos had been charged and convicted. There was no prosecution pending or contemplated under the 1932 ordinance; any action thereunder was merely a contingency which might or might not have arisen. In such circumstances, there is no justiciable controversy. See Tugwell v. Members of the Board of Highways, supra, and authorities there cited.

The judgment appealed from is affirmed.

HAMITER, J., concurs in the decree.

---

2. In any event, we are informed by defendants in their brief that plaintiffs have filed another suit in the district court in which they are requesting the same relief under Ordinance No. 581 of 1955 which was prayed for in this suit involving the repealed ordinance. Whatever rights plaintiffs may have can be fully determined in that matter.