REGAN, Judge
(dissenting).
I respectfully dissent from that part of the judgment which reversed our dismissal of the suit predicated on the fact that it was *90 not an appropriate case for the invocation of declaratory relief.
The court inadvertently omitted to include in the panel which heard this rehearing the author of the original opinion and one other member of the court who participated therein. Consequently the views herein expressed may be of little judicial worth.
In any event, this dissent is written for whatever useful purpose it may serve to preserve the symmetry of the latest civil jurisprudence emanating from the Supreme Court interpretive of the Declaratory Judgments Act.
In our original opinion we stated that declaratory relief did not lie when the litigants were afforded an adequate procedural remedy provided by the Code of Practice of the jurisprudence, and this result was reached by meticulously examining the jurisprudence interpreting the Declaratory Judgments Act. Had plaintiff initiated an action in jactitation, the defendants’ answer thereto would have converted the cause into a petitory action, thus definitely and with precision posing the issue of ownership for the court to decide. In such an action the evidence adduced and issues argued would be identical.
To render a declaratory judgment in favor of one of the litigants now before the court necessarily involves ignoring the emphatic and final pronouncement of the supreme court to the effect that declaratory relief lies only where no other procedural remedy is available to the litigants.[1]
Rehearing denied; REGAN, J., dissents.

. In Orleans Parish School Board v. City of New Orleans, 1959, 238 La. 748, 116 So.2d 509, 511, the court said:
“The test to be employed in determining whether a case is properly one for declaratory relief has been clearly defined in our jurisprudence. It has been decided that the statute may not be invoked unless there is a justiciable controversy, * * *, and,, further, that use of the act is limited to matters which our ovm procedural lanv does not provide the party seehing relief with an adequate remedy. Burton v. Lester, 227 La. 347, 79 So.2d 333; see also Smith v. Smith, 230 La. 509, 89 So.2d 55 and Theodos v. Bossier City, 232 La. 1059, 95 So.2d 825.” (Emphasis added.)