TATE, Judge.
By this action the plaintiff company seeks to be declared the owner and entitled to the possession of a certain fifty-foot strip of ground. The trial court sustained an exception of no cause of action and dismissed this suit, and the plaintiff appeals. The principal question posed by the appeal is *545 whether the plaintiff is entitled to proceed by a declaratory judgment action.
In the first paragraph of his petition it is alleged that “Plaintiff brings this action under the declaratory judgment laws of the State of Louisiana, R.S. 13:4231 et seq”.. By the petition’s prayer, the plaintiff prays that “There be judgment herein in keeping with the provisions of La.R.S. [13:14231 et seq. in favor of plaintiff, Erath Sugar Company, Ltd., and against defendant herein, Aliface Broussard, declaring and adjudging plaintiff to be the owner of the following described property and as such entitled to the possession thereof against defendant”. Although there is no alternative demand for relief, the prayer concludes: “Plaintiff further prays that defendant be ordered and condemned to remove any disturbance to plaintiff therefrom, granting plaintiff the complete ownership and use of same and declaring these rights accordingly between the parties; plaintiff further prays for all general and equitable relief, * * * ”
The allegations of the petition show that the plaintiff claims title to certain described property under a deed, a copy of which is attached to the petition; and that the defendant has possession of the realty claimed and has refused to surrender it to the plaintiff after demand. Since under Code of Practice Articles S and 43-45 a petitory action is available to a non-possessor claiming recognition of his title against one in possession of the property claimed, the trial court held that the plaintiff could not proceed by a declaratory judgment action and dismissed the plaintiff’s suit, citing Burton v. Lester, 227 La. 347, 79 So.2d 333.
The trial court’s action was correct and must be affirmed.
Recently our Supreme Court reiterated its holding of the Burton case; and, even though both parties desired to do so, held of its own motion that they were not entitled to proceed under the Uniform Declaratory Judgments Act (LSA-R.S. 13:4231-4246) because there were no features of the litigation which could not be adjudicated in an ordinary suit between the parties for a monied judgment. Orleans Parish School Board v. City of New Orleans, 238 La. 748, 116 So.2d 509. In dismissing the suit, the Supreme Court flatly stated, 116 So.2d 509, 511:
“The test to be employed in determining whether a case is properly one for declaratory relief has been clearly defined in our jurisprudence. It has been decided that the statute may not be invoked unless there is a justiciable controversy (Tugwell v. Members of the Board of Highways, 228 La. 662, 83 So.2d 893 and State v. Board of Supervisors, etc., 228 La. 951, 84 So.2d 597) and, further, that use of the act is limited to matters in which our own procedural law does not provide the party seeking relief with an adequate remedy. Burton v. Lester, 227 La. 347, 79 So.2d 333; see also Smith v. Smith, 230 La. 509, 89 So.2d 55 and Theodos v. Bossier City, 232 La. 1059, 95 So.2d 825.” (Italics ours.)
While, as the plaintiff-appellant points out, in several reported cases concerning rights in real property declaratory judgment actions were brought where one of the recognized real actions might also have been utilized, in none of these cases was the issue raised that a declaratory judgment action was not the proper remedy; except in Smith v. Smith, 230 La. 509, 89 So.2d 55, where the court permitted the declaratory judgment remedy expressly because allegedly no recognized real action permitted the relief sought. Cf., Johnson, Guide to Louisiana Real Actions (Claitor, 1959) 173-174; McMahon, “Work of the Supreme Court — Civil Procedure”, 17 La. L.Rev. 379 (1957), 382-386.
Alternatively, the plaintiff-appellant through his able counsel contends that the phrases specifically characterizing the present suit as a declaratory judgment action should be regarded as mere legal conclusions and as surplusage, and that the case *546 should be remanded for trial below as a petitory action. We are reminded that both parties concede that the essential allegations pleaded and the prayer for relief are identical to those necessary in a petitory action. It is strongly urged that to require the outright dismissal of the present suit (and of nineteen companion suits) will be a needlessly technical ruling, causing a multiplicity of suits and an- unnecessary expense and delay. The virtual duplication of the present petition will be required, it is said, in any new suit filed as a result of such a ruling herein, the allegations of which will eliminate merely the two above-quoted short references in the present petition to the Uniform Declaratory Judgments Act, LSA-R.S. 13:4231-4246.
Despite this persuasive argument, again we must agree with counsel for the defendant-appellee that the present proceedings cannot be characterized as a petitory action when the prayer of the petition specifically limits the relief demanded to judgment “in keeping with the provisions of La.R.S. [13:] 4231 et seq.”
We are nevertheless sympathetic with the appellant’s suggestion that, where the essential allegations of a petitory action are present, dismissal of the suit (because of two phrases incorrectly characterizing this as a declaratory suit) is a harsh and technical result. In accordance with the “modern-day tendency * * * to relax the technical rules of pleading in order * * * afford a litigant his day in court” (Breaux v. Laird, 230 La. 221, 231, 88 So.2d 33, at page 37), we seriously considered remanding this proceeding for the purpose of permitting the plaintiff to amend his petition to convert this proceeding into a petitory action. Cf., Douglas v. Haro, 214 La. 1099, 39 So.2d 744; Dupre v. Consolidated Underwriters, La.App. 1 Cir., 99 So.2d 522; Bourgeois v. Le Blanc, La.App. Orl., 72 So.2d 777; Doyle v. Thompson, La.App.. 1 Cir., 50 So.2d 505.
 The jurisprudence indicates, however, that if the wrong real action is brought the suit should be dismissed. See cases cited in Hubert, “A Louisiana Anomaly — The Writ’ System in Real Actions”, 22 Tul.L.Rev. 459 (1948). As the cited article indicates, although much criticized by respectable authority as unreasonably technical and circuitous in effect, the rule is well established i-n our jurisprudence. If this general rule is to be followed in instances where the incorrect choice of real actions has been made, we are unable to assign any logical distinction to prevent application of a similar rule to the present incorrect choice of a declaratory instead of a petitory action. Of course, had the remedies been pleaded in the alternative, dismissal of the suit would not have been required. Cf., Reine v. Frederick, La.App. 1 Cir., 79 So.2d 190, 192.
For the foregoing reasons, the judgment dismissing this suit is affirmed.
Affirmed.