140 So.2d 42 (1962)
James A. POYNTER, Plaintiff and Appellant,
v.
The FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant and Appellee.
No. 540.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1962.
Rehearing Denied May 1, 1962.
Certiorari Denied June 15, 1962.
*44 Rogers & McHale, by Jack Rogers, Lake Charles, for plaintiff-appellant.
Plauche & Stockwell, by Oliver P. Stockwell, Lake Charles, for defendant-appellee.
Before SAVOY, TATE and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit for declaratory judgment under the provisions of LSA-C.C.P. Art. 1871 through 1883. Plaintiff alleges that he "took out a policy of insurance from the defendant." as shown by the said policy annexed to and made a part of the petition. The annexed policy is a "Manufacturer's and Contractor's Liability Policy" covering bodily injury and property damage liability arising out of the "Premises-Operations" hazard of the business of the insured, which is stated to be a "Trailer Accessories Shop". Plaintiff alleges that "During the period of time the said policy was in force, petitioner was sued in the Civil District Court for the Parish of Orleans by an individual known as Ouida Doyle." as is shown by a copy of the petition from said suit, which is annexed to and made a part of plaintiff's petition in the instant proceedings. In said annexed petition, Mr. Doyle alleges that the insured under the above described policy serviced and worked on a heating system in Doyle's trailer and that later the heating system exploded, due to negligence of the insured in the servicing thereof, causing Doyle serious personal injuries.
The remaining allegations and the prayer in Poynter's petition in the instant suit read as follows:
"6.
"A dispute has arisen between petitioner and defendant as to whether he is covered under the said policy in regard to the demands made upon him and his company by the said OUIDA DOYLE.
"7.
"The defendant has declined to either defend the suit filed against petitioner or to take any action toward the suit, or to assume any liability if in the event there are any losses.
"8.
"As a result thereof, petitioner has been forced to incur attorney fees and other costs in an effort to defend the suit.
"WHEREFORE: Petitioner prays that:
"(a) Defendant be duly cited and served herein.
"(b) In due course and after due proceedings had, there be rendered herein a declaratory judgment, defining the rights of the petitioner in regard to the said policy" and the obligations of the said defendant in regard to their obligations under the policy and toward the petitioner.
"(c) More specifically, that the said defendant be declared responsible for any and all judgments that may be rendered in the suit brought against petitioner by OUIDA DOYLE up to the limits of the policy. Further, that the defendant be obligated to reimburse petitioner for all Court costs and any and all costs incurred by petitioner in defending the said suit brought against him by OUIDA DOYLE, including all attorney fees, investigation costs and Court costs incurred therein."
The defendant herein, Fidelity & Casualty Company of New York, filed an exception of no right or cause of action on the grounds that its policy of insurance does not afford any coverage for the alleged damages sought by Doyle in his suit in Orleans Parish and therefore Fidelity has no liability or responsibility to afford Poynter a defense to said suit. The lower court *45 sustained the exception of no cause of action from which plaintiff prosecutes this appeal.
The sole argument made by plaintiff before this court is that the recent case of Swillie v. General Motors Corp. et al., 133 So.2d 813 (3rd Cir.La.App.1961, writ of certiorari denied), is controlling. Counsel for defendant contends that the instant case is distinguishable from the Swillie case, supra, where the insured was a machine shop operator, and from Kendrick v. Mason, 234 La. 271, 99 So.2d 108, where the insured was a contractor, because in both of the cited cases the insured handled no products, whereas in the instant case the business of the insured is described as a "Trailer Accessories Shop" which, defendant contends, denotes the fact that the plaintiff was handling products. The answer to this argument is that the word "shop" does not necessarily mean a place where things are offered for sale. Webster's New World Dictionary indicates that a shop may be "a place where a particular kind of work is done". The evidence may show that plaintiff's shop was of the latter type and if so, defendant's attempted distinction of the Swillie and Kendrick cases would fall. Of course, it is fundamental that for purposes of consideration of this exception of no cause of action we must consider every reasonable hypothesis of facts admissible under the pleadings. See Steagall v. Houston Fire & Casualty Insurance Co. et al., 138 So.2d 433 (3rd Cir. La.App.1962), and the cases cited therein.
Defendant also takes the position that the instant case differs from the Swillie case, supra, in that here the negligent work was performed off the premises of the insured whereas in the Swillie case the defective work was performed in the machine shop of the insured. We cannot agree with this attempted distinction. In the instant case the liability hazard for which the plaintiff paid a premium was "Premises-Operations" which is defined in the policy as being "The ownership, maintenance or use of premises, and all operations." We think it is clear that the words "all operations" include work performed by the insured both on and off his premises, and therefore all operations are covered unless specifically excluded by subsequent provisions of the policy. Under "Exclusions" the policy excludes the "Products-completed operations hazard" as defined in the policy. In the instant case we are not concerned with products because the liability asserted did not arise out of any defect in any product sold or handled by the insured, but instead arose out of negligence of the insured in servicing and repairing a heating system. We are concerned here solely with the exclusion of the "completed operations hazard" which is defined in pertinent part as "operations, if the accident occurs after such operations have been completed or abandoned and occurs away from the premises owned, rented or controlled by the named insured." Defendant argues that since the accident occurred after the heating system had been repaired and occurred away from the premises owned by the insured that it was therefore an accident arising out of a "completed operation" and as such is excluded from coverage under the policy. Such an interpretation would limit operations coverage to all accidents occurring on the premises of the insured and to accidents which occurred while work was being performed either on or off said premises. This is essentially the same argument which was made in the Kendrick case, supra, and there our Supreme Court held, succinctly, that where the insured sold no products and contracted for liability insurance covering all of his operations, that the policy provisions were not sufficiently clear and free of ambiguity to show that "completed operations" were excluded from coverage. The policy definition of the "completed operations hazard" in the instant case is, in pertinent part, identical to that in the Kendrick case, supra. We see no grounds on which the Swillie and Kendrick cases can be distinguished from the instant case as alleged in plaintiff's petition *46 which must, for purposes of this exception of no cause of action, be accepted as true.
Although the issue was not raised in the lower court, nor has it been raised by the parties on appeal, one of the members of this court, as shown by his dissenting opinion, has questioned the right of the court to render a declaratory judgment in these proceedings. The two judges who constitute the majority therefore deem it appropriate to discuss this issue and to answer the questions posed by the dissenting judge.
We note that the Official Revision Comment under LSA-C.C.P. Art. 1871 states that the specific purpose of the additional language in this article (not contained in the former R.S. 13:4231) is to work a legislative overruling of Burton v. Lester, 227 La. 347, 79 So.2d 333, in which the Supreme Court held that the declaratory judgment act could not be invoked where any other remedy was available to the plaintiff. We therefore conclude that there can be no objection to a declaratory judgment in these proceedings even though another remedy may be available to the plaintiff.
An insurance policy is a written contract and LSA-C.C.P. Art. 1872 clearly states that a person interested under such a contract may have determined any question of construction or validity arising thereunder. LSA-C.C.P. Art. 1873 states that a contract may be construed either before or after there has been a breach thereof. LSA-C.C.P. Art. 1875 states that a declaratory judgment may be rendered in any proceeding, in which such a judgment "will terminate the controversy or remove an uncertainty." However, LSA-C.C.P. Art. 1876 states that the court "may" refuse a declaratory judgment where such a judgment "would not terminate the uncertainty or controversy giving rise to the proceeding." Under these statutory provisions, it is our opinion that the plaintiff has stated at least one cause of action for declaratory judgment. He has alleged a written contract of liability insurance; he has alleged that he has been sued on a liability covered by the policy; he has alleged that the defendant insurer has refused to defend the suit filed against plaintiff, despite the provision in the policy which states "With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability the company shall: (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent;"; he has alleged that a dispute has arisen between plaintiff and defendant as to whether there is coverage for the damages as alleged by Doyle and therefore an obligation on the part of Fidelity to defend said suit. Clearly, plaintiff is entitled to a declaratory judgment settling the controversy and removing the uncertainty as to whether Fidelity must defend Doyle's suit.
It is true, as the dissenting judge points out, that plaintiff's prayer in the instant case is broad in asking a declaratory judgment "defining the rights of the petitioner in regard to the said policy and the obligations of the said defendant in regard to their obligations under the policy and toward the petitioner." but this prayer is sufficient to include a declaratory judgment as to the obligation of the insurer to defend. The mere fact that the plaintiff has not written in his prayer (although he does so in his allegations) specific language asking the court to define the obligation of the insurer to defend, does not warrant our denial of the relief to which he is entitled under his pleadings as a whole. We understand that LSA-C.C.P. Art. 862 has suppressed the harsh and unduly technical "theory of the case" doctrine in Louisiana, under which the litigant must select a theory of his case and adhere to it. LSA-C.C. P. Art. 862 specifically provides that, with certain exceptions not pertinent here, "a final judgment shall grant the relief to which the party in whose favor it is rendered *47 is entitled, even if the party has not demanded such relief in his pleadings and the latter contained no prayer for general and equitable relief."
We recognize the holdings in Burton v. Lester, supra, and State v. Board of Supervisors, etc., 228 La. 951, 84 So.2d 597, that a declaratory judgment must be based on an actual controversy and cannot be rendered where it is merely advisory or answers only a moot or abstract question. Therefore, in the instant case, plaintiff is not entitled to a declaratory judgment as to all of the rights and obligations under the policy, as to which he has alleged no controversy, but he is entitled to judgment settling the alleged actual controversy as to defendant's duty to defend.
In view of LSA-C.C.P. Art. 1881, which states that our declaratory judgment law should be liberally construed, and in view of LSA-C.C.P. Art. 1883, which provides that these provisions should be construed so as to effectuate their general purpose and to make uniform the law of those states which enact them, we deem it proper to consider and rely on the jurisprudence from our Federal Courts and from other states which hold almost uniformly that declaratory judgments are appropriate to determine whether a liability insurer is required to defend a suit filed against the insured. Lessak v. Metropolitan Casualty Insurance Company of N. Y., 168 Ohio St. 153, 151 N.E.2d 730; United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59 and the many cases cited therein; Lumber Mutual Casualty Insurance Company of N. Y. v. Wells, 225 N.C. 547, 35 S.E. 2d 631; 68 A.L.R. 124; 108 A.L.R. 1009; 26 C.J.S. Declaratory Judgments § 67, p. 171.
Our dissenting brother also questions the right to declaratory judgment by contending: that the plaintiff has already employed his own attorney to defend the suit filed by Mr. Doyle; that he has already incurred attorney's fees; that therefore the question is now moot as to whether the insurer is obligated to defend; that a declaratory judgment herein will not settle the controversy or remove the uncertainty. Our answer to this objection is that the controversy, regarding which plaintiff is entitled to a declaratory judgment, is whether or not the defendant is obligated under its insurance contract to defend the suit filed by Doyle. The fact that the defendant insurer has already breached this contract and refused to defend does not, under the specific provisions of LSA-C.C.P. Art. 1873, mean that a declaratory judgment must be denied. Furthermore, the fact that plaintiff may have another remedy, such as suing the defendant for attorney's fees now, or after the conclusion of the suit filed by Doyle, does not preclude a judgment for declaratory relief. LSA-C.C.P. Art. 1871. A further answer to this objection is that the question is certainly not moot because a removal of the uncertainty as to the insurer's obligation to defend might seriously affect the plaintiff's future actions in incurring expense in defense of this lawsuit.
Having found that plaintiff has stated a cause of action for declaratory judgment as to defendant's duty to defend, the exception of no cause of action must be overruled. Our jurisprudence is well settled that if the allegations of plaintiff's petition set forth a cause of action as to any part of the relief sought, the exception cannot be maintained. Interim Television Corporation v. Cappel, La.App., 94 So.2d 539 and the cases cited therein.
For the reasons assigned, the judgment of the district court is reversed and set aside and this case is remanded for further proceedings not inconsistent with the views expressed herein. All costs of this appeal are assessed against the defendant. Remaining costs will await a final determination of this case.
Reversed and remanded.
SAVOY, Judge (dissenting).
Plaintiff appeals to this Court from a judgment of the district court wherein it *48 sustained an exception of no cause of action filed by defendant and dismissed plaintiff's suit as of nonsuit.
Plaintiff filed this suit against defendant under the provisions of Articles 1871 to Article 1883, inclusive, of the LSA-Code of Civil Procedure (Uniform Declaratory Judgments Act). For a cause of action, plaintiff alleged that he secured a policy of insurance from defendant on a business operated under the trade name of "Mobile Home Service and Supply Company". That while the policy was in force and effect, plaintiff was sued in the Civil District Court for the Parish of Orleans by one Ouida Doyle. A copy of that suit is attached to the petition in the instant case. Plaintiff alleged further that a dispute has arisen between him and defendant as to whether there is coverage under the insurance policy issued to Mobile Home Service and Supply Company; that defendant has taken the position that the claim against plaintiff in the Orleans District Court is not covered by the policy in the instant case, and it refuses to defend the suit in the Orleans Civil District Court. Plaintiff alleges that because of the position taken by the defendant, he has been forced to employ an attorney, has incurred attorneys' fees, and other court costs in an effort to defend said suit.
Plaintiff prays for the following relief:
(1) That we render a declaratory judgment, defining his rights in connection with the policy issued by the defendant in the instant case, and also the obligations of defendant under the terms and conditions of said policy.
(2) That defendant be responsible for any and all judgments that may be rendered in the suit brought against him in the Orleans Civil District Court by Ouida Doyle.
(3) That defendant be obligated to reimburse to plaintiff all costs of court incurred by plaintiff, including attorneys' fees and investigation fees.
As to the first ground of relief prayed for by the plaintiff, I find that the allegations contained therein are too broad and general for this Court to be able to render judgment herein. It would require a general discussion of all of the provisions of the policy of insurance sued on herein. I am of the opinion that the Uniform Declaratory Judgments Act did not contemplate that the courts grant advisory opinions which would not settle the controversy in dispute.
In the case of Burton v. Lester, 227 La. 347, 79 So.2d 333, the court said:
"There are eight questions presented by the certification of the Court of Appeal. Several of them are phrased in broad terms and, to answer them, would require a dissertation upon the construction and application of the Uniform Declaratory Judgments Act, far beyond the needs of this particular case."
In the case of State v. Board of Supervisors, etc., 228 La. 951, 84 So.2d 597, the Commissioner of Agriculture and Immigration, and the Attorney General instituted this proceeding under LSA-R.S. 13:4231-4246 (Uniform Declaratory Judgments Act) for a judgment declaring Act 230 of 1954 constitutional. Made defendant in this suit was the Board of Supervisors of Louisiana State University who are authorized and directed by Act 230 of 1954 to construct, furnish and equip buildings for the State Chemist and provide housing for the State Seed Laboratory. The act empowers the Board of Supervisors to issue bonds for the purpose mentioned herein. The litigants state that a justiciable controversy has arisen in connection with the constitutionality of Act 230 of 1954. The district judge held that the Act was constitutional and the Board appealed. The Supreme Court reversed the judgment of the district court and held that the Uniform Declaratory Judgments Act does not extend the jurisdiction of the court to render advisory opinions, and the courts do not have the right to render judgments over moot and abstract propositions, and that a litigant not asserting *49 a substantial existing legal right is without standing in court.
I am also of the opinion that we cannot grant a judgment on the second ground prayed for by plaintiff. He is asking that we hold that defendant be responsible for any judgment which may be rendered against plaintiff in the suit brought against him in Orleans Parish.
In the case of Tugwell v. Members of Board of Highways, 228 La. 662, 83 So.2d 893, the Supreme Court of this State said:
"Therefore a declaratory action generally cannot be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on an existing state of facts, and a declaration of rights must be refused if the issue presented to the court is academic, theoretical, or based upon a contingency which may or may not arise." (Citations omitted.)
In Schreiner v. Weil Furniture Company (La.App., Orl., 1953), 68 So.2d 149, the Court of Appeal said:
"Courts ordinarily will not decide as to future or contingent rights, but will wait until rights have become fixed under the existing state of facts." (Citation omitted.)
It may well be that judgment will never be rendered against plaintiff in the Orleans District Court suit. The obligations that may be imposed upon plaintiff in the Orleans case are so contingent that we cannot, in this proceeding, render a judgment in favor of plaintiff as prayed for.
The third reason for which plaintiff is seeking relief results from his having incurred court costs and attorneys' fees in defending the Orleans Parish case.
Under the provisions of Article 1876 of the LSA-Civil Code of Procedure, the court may refuse to render a declaratory judgment or decree where such judgment or decree would not terminate the uncertainty or controversy giving rise to the proceedings.
Plaintiff states in his petition that he has already incurred court costs and attorneys' fees in the Orleans Parish case, and he prays merely that the court declare that defendant is obligated to reimburse him for the costs to be incurred for attorneys' fees, investigation costs and court costs. He does not say the sums which he has obligated himself to pay as attorneys' fees and court costs. Any judgment which we might render in the instant case would not terminate the controversy as to attorneys' fees and costs. Plaintiff would have to file another suit in the district court to recover these items.
For the reasons set forth herein, I am of the opinion that the judgment of the district court should be affirmed, and I respectfully dissent from the holding of the majority opinion in the instant case.

On Application for Rehearing
En Banc. Rehearing denied.
HOOD and SAVOY, JJ., are of the opinion that a rehearing should be granted.