EDWARDS, Judge:
Plaintiff, Atchafalaya Basin Levee District, brought this action seeking a declaratory judgment that LSA-R.S. 33:9005 (La. Acts 1976, No. 689) does not apply to multi-parish taxing districts such as plaintiff. From a judgment in favor of plaintiff, two defendants, James H. Dupont, Assessor of Iberville Parish, and the Louisiana Tax Commission, have appealed.
The statute at issue, LSA-R.S. 33:9005 provides:
Sec. 9005. Mandatory rollback of ad va-lorem taxes by tax recipient bodies of the parish.
*611 “The total amount of ad valorem taxes received by other taxing authorities in the parish shall not be increased because of the provisions of Sections 9001 through 9008. To accomplish this result, it shall be mandatory for each affected taxing authority in the year in which the special district provided for herein is created to adjust millages so that taxes are not increased as a result of the creation of the special district provided for herein. Thereafter such millages shall remain in effect unless changed or increased in a manner provided by law. In the event a taxing authority increases the taxes authorized under this Section without a public referendum, such taxing authority shall have deducted from its share of state revenue sharing funds an amount equal to such taxes increased without a public referendum plus a penalty of fifteen percent of such amount. Provided however, that nothing herein shall prohibit a taxing authority from collecting, in the year in which the special district is created or in any subsequent year a larger dollar amount of ad valorem taxes by:
(a) levying additional or increased mil-lages as provided by law:
(b) putting additional property on the tax rolls; or
(c) increases in the fair market or use value of the property.
“This Section shall not apply to millag-es required to be levied for the payment of general obligation bonds.”
LSA-R.S. 33:9005 was a part of legislation (La.Acts 1976, No. 689) which created special law enforcement districts in each parish, except Orleans, and granted the power of taxation to these special districts to levy ad valorem taxes as a new method of financing the sheriffs’ offices. Previously the sheriffs, as tax collector for each parish, were authorized to deduct a commission of a certain percentage as provided by LSA-R.S. 33:1423(C) from various taxes (including “levee” taxes) collected by him and actually paid into the treasury or to the appropriate authority. La.Acts 1976, No. 689 removed the sheriffs’ authority to deduct a percentage commission (except in instances which are not pertinent to this suit) and substituted a direct ad valorem tax for the percentage commission as the method of funding the sheriffs’ offices. LSA-R.S. 33:9005 was included to prevent an automatic increase in ad valorem taxes because of this new method of funding.
Atchafalaya, a taxing authority including portions of eleven parishes, filed this suit against the assessors of the parishes within its district to obtain a declaration that “Act 689 of 1976 now Louisiana Revised Statutes 33 Section 9001 through 9008, does not apply to petitioner and other multi-parish districts.” By a supplemental and amending petition, plaintiff named the sheriffs of the eleven parishes and the Louisiana Tax Commission as additional defendants.
The Commission filed exceptions of no cause of action and no right of action, contending that this suit was not appropriate for declaratory relief because of the absence of a justiciable issue.
In his Reasons for Judgment, the trial judge overruled both exceptions and, accepting plaintiff’s argument that a parish by parish millage rollback would be unconstitutional, ruled that “none of the provisions of LSA-R.S. 33:9005 are applicable to the plaintiff.”
Neither appellant has raised the issue of justiciability on appeal. Nonetheless, we consider this issue inasmuch as it is central to the granting of declaratory relief.
In Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964), the Supreme Court stated in discussing LSA-C.C.P. arts. 1871 et seq.:
“These codal articles create a procedural device by which the courts may make a declaration of rights without executory or coercive relief. The articles are remedial in nature and must be liberally construed. Basic to the exercise of these procedures, however, is the existence of a justiciable controversy. The courts are without power to render advisory opinions on abstract questions.” (footnotes omitted).
*612 And in Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971), the Court through Justice Tate stated:
“The declaratory relief is sought by virtue of La.C.C.P. Arts. 1871-83. These substantially incorporate the provisions of the Uniform Declaratory Judgments Act.
“The consistent interpretation of the Uniform Act and of our own code articles is that declaratory relief is available only to decide justiciable controversies, and that such enactments do not empower the courts to render advisory opinions on abstract questions of law. (citations omitted).
“A ‘justiciable controversy’ connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.” (citations omitted).
Additionally, appellate courts, as well as the trial court, are granted broad discretionary power to determine whether a suit is one in which declaratory relief may be appropriate. Orleans Parish School Board v. City of New Orleans, 238 La. 748, 116 So.2d 509 (1959); LSA-C.C.P. art. 1876.[1] See Gulotta v. Cutshaw, 258 So.2d 555 (La.App. 1st Cir. 1972), rev’d on other grounds 283 So.2d 482 (La.1973).
In the instant case, we believe that the petition fails to disclose a justiciable controversy when measured by the criteria of the cases cited above.
Atchafalaya’s petition consists of nine numbered paragraphs — paragraphs nos. 4, 5, 7 and 8 attempt to establish its claim to declaratory relief. In paragraph no. four, plaintiff states that the legislature adopted the Act in question (La.Acts 1976, No. 689). In the next paragraph, Atchafalaya notes that it is a multi-parish district and then sets forth its contention “that to apply the terms of Section 9005 of Title 33 of the L.R.S. (Act 689 of 1976) to petitioner would result in a resolution levying a tax of a different millage in each of the eleven parishes” and, Atchafalaya concludes, “would violate the Equal Protection clause of both the State and Federal Constitution.”
The last two pertinent paragraphs, nos. seven and eight, read:
7.
“Substantial questions of law exist as to the applicable (sic) of Act 689 of 1976 to those political subdivisions of the State of Louisiana which cover more than one parish.
8.
“It is absolutely necessary that the legal issues be resolved so that the defendants may properly spread on the tax rolls of the various parishes the millage required for the support, maintenance and operation of the Atchafalaya Basin Levee District.”
Plaintiff’s Supplemental and Amending Petition merely adds additional party defendants and does not contain any additional allegations to support the granting of declaratory relief.
We fail to find that the allegations of the petition show any real adversity of interest upon which declaratory relief might be predicated. The fact that an act of the legislature commands some action to be taken by an agency, which the agency contends might be unconstitutional, does not, in our opinion, without more establish a justiciable controversy to challenge the applicability of the act.
*613 The trial court found justiciability relying on the fact that LSA-R.S. 33:9005 provided a penalty for noncompliance and that this penalty might be invoked against Atchafa-laya.
Atchafalaya has not alleged (nor has it been shown) that the penalty of LSA-R.S. 33:9005 has been, or is about to be, imposed.
Consequently, we do not find that At-chafalaya possesses a tangible interest at stake of sufficient immediacy and reality to warrant declaratory relief. Abbott v. Parker, supra. On the contrary, we find that Atchafalaya is merely seeking the advice of the court regarding a course of action which it has taken. Such amounts to no more than an advisory opinion, which we can not and will not render.
Accordingly, we believe that the trial court erred in overruling the exceptions and in granting declaratory relief in the absence of a justiciable controversy.
For the above reasons, the judgment of the trial court is reversed and plaintiff’s suit is dismissed without prejudice. Costs of this appeal are to be paid by plaintiff as allowed by law.
REVERSED AND RENDERED.

. LSA-C.C.P. art. 1876 provides:
“The court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.”