673 So.2d 300 (1996)
Harold D. BILLINGSLEY
v.
The CITY OF BATON ROUGE, et al.
No. 95 CA 2162.
Court of Appeal of Louisiana, First Circuit.
April 30, 1996.
Gary W. Bailey, Baton Rouge, for Plaintiff/Appellee, Louis Dupuy.
*301 Dennis A. Pennington, Steven P. Monaghan, Baton Rouge, for Plaintiff/Appellee, Harold D. Billingsley.
James Zito, Baton Rouge, for Defendant/Appellant, City of Baton Rouge, et al.
Before CARTER and PITCHER, JJ., and HILLARY J. CRAIN, J. Pro Tem.[1]
CARTER, Judge.
This is an appeal from a trial court judgment in an action for declaratory judgment.

BACKGROUND
In August 1970, Harold Billingsley began employment with the City of Baton Rouge Police Department (the Department). In August, 1991, he was confirmed/tenured as a Lieutenant with the Department. On February 22, 1992, Billingsley was injured during the course and scope of his employment and became temporarily totally disabled and, therefore, incapable of resuming his duties with the Department. Billingsley, nonetheless, remained a confirmed employee of the Department.
At the time of the accident, Billingsley had already accrued 960 hours of vacation leave, which is the maximum allowable vacation leave one may accumulate under the Rules and Regulations of the Municipal Fire and Police Civil Service Board of Baton Rouge. After the accident, Billingsley began receiving workers' compensation benefits, and the City of Baton Rouge allegedly ceased posting additional vacation leave to Billingsley's personnel records.
Louis Dupuy began employment with the Department in May, 1973, and was confirmed as a Sergeant in either 1984 or 1985. On or about October 29, 1991, Dupuy sustained injuries to his back and neck while in the course and scope of his employment with the Department, causing him to become temporarily and totally disabled and, therefore, incapable of resuming his employment activities with the Department. Thereafter, Dupuy was allegedly advised that he had attained an accumulation of 960 hours at which time no additional vacation leave would be posted to Dupuy's employment records.
At all times pertinent hereto, the Rules and Regulations of the Municipal Fire and Police Civil Service Board (the Rules), Rule 2, § 8.2, provided, in part, as follows:
Vacation for up to five full years may be accumulated. Unused vacation accrued in the most recent 60 consecutive months may be retained; any in excess of that amount will be forfeited. There is no maximum as to the number of sick leave days which may be accumulated.
Pursuant to this rule, when an employee's vacation leave allowance exceeded the maximum amount accruable, the employee's leave balance was reduced by the number of hours by which the vacation leave allowance exceeded the maximum amount accruable.

FACTS
On July 14, 1993, Billingsley filed a petition for declaratory judgment, naming as defendants the City of Baton Rouge, Jerald L. Boykin, in his capacity as Personnel Administrator of the City of Baton Rouge, and the Municipal Fire and Police Civil Service Board of Baton Rouge (Board). In the petition, Billingsley contended that Rule 2, § 8.2, which restricts the accumulation of vacation leave to five years, is unconstitutional as it has been preempted by LSA-R.S. 33:2214 and is in direct conflict with LSA-R.S. 33:2214. Billingsley prayed for declaratory judgment, defining his rights under LSA-R.S. 33:2214 and the expansion thereof in Rule 2, § 8.2.
On April 5, 1994, Louis Dupuy filed a "Motion to Join Suit as a Party Plaintiff and to Amend Original Petition." Like Billingsley, Dupuy maintained that Rule 2, § 8.2, which restricts the accumulation of vacation leave to five years, is unconstitutional and unenforceable as it has been preempted by state statute, particularly LSA-R.S. 33:2214. Dupuy requested that the trial court define his rights under the statute and Rule 2, *302 § 8.2. On May 2, 1994, the trial court signed an order, making Dupuy a party plaintiff to this action and granting him leave of court to file the amended petition for declaratory judgment.[2]
On October 24, 1994, trial on the merits was held. On April 18, 1995, the trial court rendered judgment, finding that the Board had exceeded its authority by "limiting the number of vacation days the plaintiff could accumulate to twenty-four (24) days per year up to five (5) years for a maximum of one-hundred-twenty (120) days of vacation." The judgment ordered the defendants to compensate plaintiff under the provisions of LSA-R.S. 33:2214A(1) "a minimum of fifteen (15) days of vacation time per year, which minimum number of fifteen (15) days may be exceeded by Board action, and which days may not be reduced annually nor limited to any certain number of years." A written judgment was signed by the trial court on June 2, 1995.
The City of Baton Rouge and Jerald L. Boykin, in his capacity as Personnel Administrator of the City of Baton Rouge, appealed from the judgment, assigning the following specifications of error:[3]
1. The trial court erred in entering a judgment in favor of Harold Billingsley and against the defendants, City of Baton Rouge and Parish of East Baton Rouge, et al, because said judgment is contrary to the law and the facts.
2. The trial court erred when reaching a decision that The Municipal Fire and Police Civil Service Board exceeded its authority when exercising Rule 2, Section 8.2 enacted by that Board.
3. The trial court erred in its decision that Rule 2, Section 8.2 of the Rules and Regulations of The Municipal Fire and Police Civil Service Board conflicts with Louisiana Revised Statute 33:2214.

DECLARATORY JUDGMENT
Louisiana Code of Civil Procedure article 1871 authorizes the judicial declaration of "rights, status, and other legal relations whether or not further relief is or could be claimed." Article 1872 designates who can bring such an action:
A person ... whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the ... statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.
A declaratory judgment is one which simply establishes the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done, and its distinctive characteristic is that the declaration stands by itself with no executory process following as a matter of course, so that it is distinguished from a direct action in that it does not seek execution or performance from the defendant or the opposing litigants. Gulotta v. Cutshaw, 258 So.2d 555, 558-59 (La.App. 1st Cir.1972), reversed on other grounds, 283 So.2d 482 (La.1973); Succession of Rickerfor, 120 So.2d 320, 323 (La.App.Orleans 1960). See Burton v. Lumbermens Mutual Casualty Company, 152 So.2d 235, 239 (La.App. 4th Cir.), writ refused, 244 La. 895, 154 So.2d 767 (La.1963). The jurisprudence has restricted the application of LSA-C.C.P. arts. 1871 and 1872 in that the courts will only act in cases of a present, justiciable controversy and will not render merely advisory opinions. Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 701 (La.1993).
Although the trial court within its sound discretion may refuse to render a declaratory judgment where such a judgment would not terminate the uncertainty or controversy giving rise to the proceeding, the court must render a declaratory judgment where it would terminate the uncertainty or controversy giving rise to the proceeding. Western World Insurance Company, Inc. v. *303 Paradise Pools & Spas, Inc., 93-723 (La. App. 5th Cir. 2/23/94); 633 So.2d 790, 793. Appellate, as well as trial courts, may exercise the broad discretionary power to decide whether a suit for declaratory judgment is one in which such relief may be appropriate. Orleans Parish School Board v. City of New Orleans, 238 La. 748, 116 So.2d 509, 511 n. 1 (1959); Gulotta v. Cutshaw, 258 So.2d at 559.

VACATION LEAVE
Louisiana Revised Statutes 33:2214A(1) addresses annual vacation leave of employees of the police departments and provides as follows:
Each employee of the police departments of the municipalities embraced by this Subpart, except the city of Westwego, shall, after having served one year with a respective department, be entitled and given with full pay an annual vacation leave of fifteen days during each calendar year, which shall not be denied to any such employee for any reason whatsoever.
Under the clear provisions of LSA-R.S. 33:2214A(1), after one (1) year's service, each employee of a police department is entitled to vacation leave equal to fifteen (15) days annually. This vacation leave cannot be denied to any employee for any reason.[4]
Unlike the municipal civil service rules, which prohibit an employee from earning this vacation leave during periods in which the employee is on workers' compensation, on unpaid leave, or on suspension,[5] Rule 2, § 8.2 does not purport to deprive a Department employee from earning vacation leave pursuant to LSA-R.S. 33:2214A(1). Rather, a Department employee is entitled to be credited annually with fifteen (15) days of vacation leave after one year of service, and no rule by the Municipal Fire and Police Civil Service Board of Baton Rouge[6] (the Board) can deny this leave.
However, our inquiry does not end here. Entitlement to leave is not the same as the accumulation of leave. Therefore, we must examine the rule-making authority granted to the Board to determine whether the Board was authorized to adopt rules relative to the accumulation of leave and whether this rule conflicts with LSA-R.S. 33:2214.
The Board is granted rule-making authority by LSA-R.S. 33:2477(7),[7] 33:2478,[8] and 33:2497.[9] Pursuant to its statutory authority, the Board promulgated and adopted the Rules. The accumulation of vacation leave is *304 addressed in Rule 2, § 8.2,[10] which provides, in part, as follows:
Vacation for up to five full years may be accumulated. Unused vacation accrued in the most recent 60 consecutive months may be retained; any in excess of that amount will be forfeited. There is no maximum as to the number of sick leave days which may be accumulated.
In her written reasons for judgment, the trial court stated that LSA-R.S. 33:2214 mandates that city police employees, after one year of service, be given vacation leave of fifteen (15) days per year, which shall not be denied to any such employee for any reason whatsoever. The trial court reasoned that Rule 2, § 8.2, which restricts accumulation of vacation leave to five (5) years, is in direct conflict with LSA-R.S. 33:2214. The trial court then determined that the Board exceeded its statutory authority by adopting a rule which conflicts with LSA-R.S. 33:2214.
We disagree. As a general principle, vacation leave provides employees with an opportunity for rest and recreation; it is not designed to permit the accumulation of a vacation or savings account, unless allowed by statute, rule, or if it is the custom of the employer. Although LSA-R.S. 33:2214 grants employees of the Department fifteen (15) days of annual leave per year, "which shall not be denied to any such employee for any reason whatsoever," the statute does not authorize the accumulation of that vacation leave to be carried over to subsequent years, if not used in the year in which it is earned. Nor does LSA-R.S. 33:2214, or any other statutory provision, prohibit the Board from enacting rules regulating the accumulation of vacation leave.
The Board, acting under its statutory rule-making authority, has the power to promulgate rules relating to the accumulation of annual vacation leave, provided that the rules are not contrary to law.
Because LSA-R.S. 33:2214 is silent as to accumulation of vacation leave, Rule 2, § 8.2 does not conflict with LSA-R.S. 33:2214. Rule 2, § 8.2 permits employees to accumulate vacation leave earned pursuant to LSA-R.S. 33:2214 for up to five (5) years. As such, a Department employee, who earns vacation leave at a rate of twenty-four (24) days per year, is authorized by Rule 2, § 8.2 to accumulate up to 120 days of vacation leave.
If, however, an employee's accumulated vacation leave exceeds this amount, under Rule 2, § 8.2, only the most recent sixty (60) months of vacation leave may be accumulated. The application of Rule 2, § 8.2 does not operate in contravention of LSA-R.S. 33:2214. The Department employee is still entitled to his vacation leave, which is credited in his favor, however, he simply forfeits previously accumulated vacation leave for his failure to use it within sixty (60) months, the time constraint outlined in Rule 2, § 8.2.
Therefore, we find that Rule 2, § 8.2 does not conflict with LSA-R.S. 33:2214, and the trial court erred in granting declaratory relief, refusing to enforce Rule 2, § 8.2.

MOTION TO DISMISS
Following the trial court's adverse judgment, the City of Baton Rouge and Jerald L. Boykin, in his capacity as Personnel Administrator of the City of Baton Rouge, appealed from the judgment. Billingsley and Dupuy filed briefs, as appellees, in the City's appeal.
On February 12, 1996, the City filed, with this court, a motion to dismiss Dupuy's brief, which was referred to the merits of the appeal. In this motion, the City contended that, because the judgment does not specifically name Dupuy, judgment was not rendered on behalf of Dupuy. The City reasoned that, as a result, Dupuy has no justiciable controversy and/or interest in this appeal. Dupuy filed a memorandum in opposition to the motion to dismiss, contending that, because he was joined as a party plaintiff in the suit, any judgment rendered by the trial court affected him, as well as Billingsley, and, therefore, he has a right to file an appellate brief.
*305 As noted earlier, on May 2, 1994, the trial court signed an order, making Dupuy a party plaintiff to this action. The record is void of any dilatory exception pleading the objection of misjoinder or any other objections to the joinder of Dupuy as a party plaintiff. Further, any declaratory judgment rendered by the trial court, or by this court, affects Dupuy as well as Billingsley. Moreover, LSA-C.C.P. art. 2133 provides, in part, that a party who does not seek modification, revision, or reversal of a judgment in an appellate court may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs. Therefore, the motion to dismiss is denied.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting declaratory relief, is reversed, and the petitions for declaratory relief are dismissed. Costs of this appeal are assessed equally against Billingsley and Dupuy.
REVERSED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] Neither Billingsley nor the City of Baton Rouge objected to the joinder of Dupuy as a party plaintiff.
[3] The Board also appealed, but subsequently filed a motion to dismiss its appeal. On August 29, 1995, the Board's appeal was dismissed.
[4] Under the "Rules and Regulations of Municipal Fire and Police Civil Service Board," employees with fifteen or more years of service with the Department earn twenty-four (24) days of vacation leave per year, which is more than the statutory minimum provided for in LSA-R.S. 33:2214.
[5] Rule 2.2C of the Personnel Rules for the Classified Service of the City of Baton Rouge and Parish of East Baton Rouge provides as follows:

Employees shall accrue leave during all periods of absences from work due to leave. Employees shall not accrue leave during all periods of absence from work due to unpaid leave, worker's compensation, or periods of suspension.
[6] The Municipal Fire and Police Civil Service was created by LSA-Const. Art. 10, § 16, and a municipal fire and police civil service board was created in LSA-R.S. 33:2476A.
[7] Pursuant to LSA-R.S. 33:2477(7), the Board shall "[m]ake, alter, amend, and promulgate rules necessary to carry out effectively the provisions" of Part II of Title 33, entitled "Fire and Police Civil Service Law for Municipalities Between 13,000 and 250,000."
[8] LSA-R.S. 33:2478 provides, in part, that each "board may adopt and execute rules, regulations, and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part. No rule, regulation, or order shall be contrary to, or in violation of, any provision, purpose, or intent of this Part or contrary to any other provision of law."
[9] LSA-R.S. 33:2497 provides as follows:

The board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and special leaves with or without pay. They may provide for special extended leaves with or without pay and for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times with the appointing authority.
[10] Under that section, employees with fifteen (15) or more years of service with the Department earn twenty-four (24) days of vacation leave per year.