WOODARD, Judge.
The plaintiff, Wiley Stewart, appeals the trial court’s granting of the defendants’ motion for summary judgment in- connection with a suit he brought against the Calcasieu Parish School Board, its health/life insurer, and its plan administrator for wrongful- cancellation of his health and life insurance coverage upon his retirement as a coach/teacher. For the reasons assigned below, we reverse.
FACTS
Before retiring in 1987, after thirty years of service with the Calcasieu Parish School Board (School Board) as a teaeher/coach, Wiley Stewart (Stewart) had group health and life insurance policies with Washington National Insurance Company (Washington National). The plan that covered Stewart and his dependant was administered by Administrative Services of Lake Charles Corporation (Administrative Services). -
Before his retirement, Stewart’s premium payments were made by payroll deduction from his regular salary checks. Upon retirement, he sought to continue coverage and requested that his premiums be deducted from his monthly retirement benefits check. Since this could not be done, he or his daughter, Wynetta Stewart, would pay the bills in person. On November 20, 1992, an invoice was mailed to Stewart, informing him that he was to “[p]ay this amount by 12/04/92 to avoid cancellation.” On December 21, 1992, he was mailed a pre-cancellation notice which informed him that his group health and life policy were “currently in a lapsed status[.]” On January 25, 1993, he received a notice of policy cancellation for nonpayment from November 20, 1992 through January 25, 1993. Stewart made attempts to have his insurance reinstated, to no avail. He then filed a petition on November 30, 1993 to enforce the group insurance plan, alleging breach of contractual obligations owed to him, and requested reinstatement of full coverage.
The School Board, Washington National and Administrative Services (collectively referred to as the School Board) then filed a motion to strike and a motion for summary judgment, alleging that since the policy lapsed due to nonpayment, there was no genuine issue of material fact in dispute. A hearing on those motions was held on November 23, 1994. At first, the court denied *488 that motion on February 17, 1995, but, then, granted it in open court on October 22, 1996, and signed a judgment on February 25, 1997, dismissing Stewart’s suit. It is from that judgment that Stewart devolutively appeals.
ASSIGNMENT OF ERROR
Stewart questions whether the trial court erred when it reconsidered and granted the defendants’ motion for summary judgment and vacated its previous denial on the motion.
LAW
Summary Judgment
In determining whether summary judgment is appropriate, appellate courts review the evidence de novo. Schroeder v. Bd. of Sup’rs of Louisiana State Univ., 591 So.2d 342 (La.1991). A motion for summary judgment is proper when “thejjjpleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). When the evidence overwhelmingly points to one conclusion, summary judgment is warranted. See Sumner v. Sumner, 95-677 (La.App. 3 Cir. 11/8/95), 664 So.2d 718, writ denied, 95-2919 (La.2/9/96), 667 So.2d 531.

Are There Any Genuine Issues of Material Fact?

In order for the School Board to prevail on a motion for summary judgment, it must first establish that no genuine issues of material fact in dispute exist. An issue of fact “is genuine if reasonable persons could disagree.” Pool Co. v. Universal Mach. Co., Inc., 97-321, p. 3 (La.App. 5 Cir. 10/15/97), 701 So.2d 1014 (quoting Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751). A fact is material if “its existence or nonexistence may be essential to [the] plaintiff’s cause of action.... ” Id.
The school board’s motion for summary judgment was based on its belief that Stewart’s coverage lapsed due to nonpayment. We, therefore, must determine whether there exists a genuine issue of material fact in dispute as to whether the cancellation notice sent to Stewart was proper, given the evidence in the record. Since our review of the record reveals that there is such an issue which would be dispositive, we will address it, only, and pretermit discussion regarding the School Board’s authority to deduct premiums from Mr. Stewart’s retirement check.
We examine whether Stewart made any payments toward his premium in the time allowed in order to avoid cancellation. We find prima facie evidence in the record to substantiate his claim that his daughter attempted to pay his premium, but that the payment was refused and that it was refused improperly. Namely, we note that according to invoice number 101067, dated January 19, 1993, Stewart had until February 5, 1993 to pay for his premiums before his policy could be canceled; yet, the record also reveals that the School Board mailed a notice of cancellation to him on January 25, 1993, almost two weeks before the stated deadline. Noted by hand on that same invoice is the following: “Mr. Stewart, Daughter, visit Finance Dept. They sent her to the Ins. Dept. Charlotte and Mr. Stewart’s daughter went to Risk Management. Mrs. Sylvester told Charlotte to tell the girl the policy was cancel [sic] the Ins. Co. We cannot accept the money.”
The date of Mr. Stewart’s daughter’s visit and attempt to pay the premium, February 4, 1993, is also handwritten above the note. Since there is prima facie evidence in the record that Stewart’s daughter attempted payment on February 4, 1993, a day before the deadline of February 5, 1993, reasonable persons could disagree as to whether the School Board acted properly in canceling his insurance policy. Accordingly, a genuine issue of material fact in dispute exists.
Also bearing on, and strengthening, Mr. Stewart’s claim that the School Board did not act properly in its cancellation of his insurance is his uncontroverted deposition testimony concerning the reassurances given to him by Charles Oakley, the superintendent of Calcasieu Parish Schools, about his insurance not being canceled and Mr. Oakley’s explanation about how the School Board was han *489 dling insurance payments for its employees and retirees:
I have — I assume it really wasn’t canceled this time. It shouldn’t have been, according to Mr. Oakley. He told me that that wasn’t so. He said that my premium was paid for a year [by the School Board], and we [retirees] just reimbursed them [the School Board] every month. So I assumed that it wasn’t canceled then, really.
Since the School Board offered no evidence to refute Stewart’s claim that it made advance premium payments to Washington National, we must accept Stewart’s statements as true. It is “well settled ... when ‘evaluating the evidence, the Court should accept as true the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances casting suspicion on the reliability of this testimony.’” See Chargois v. Guillory, 97-439, 97-440, p. 5 (La.App. 3 Cir. 10/29/97), 702 So.2d 1068 (citations omitted).

Is the School Board Entitled to Judgment as a Matter of Law?

Since there are genuine issues of material fact in dispute, the School Board is not entitled to judgment as a matter of law. Therefore, it was error for the trial court to grant the motion for summary judgment.
DeclaratoRY Judgment
Stewart points.out that La.R.S. 17:655.1 and 17:655.2 were redesignated after his retirement, but the redesignation does not change any rights that accrued to him under the applicable statutes at the time of his retirement. We are asked to issue a declaratory judgment as to the effect the statutory redesignation had on the School Board’s alleged obligation to deduct premium payments from retirement benefits checks.
La.Code Civ.P. art. 1871 permits courts to declare “ ‘rights, status, and other legal relations whether or not further relief is or could be claimed.’” Billingsley v. City of Baton Rouge, 95-2162 (La.App. 1 Cir. 4/30/96), 673 So.2d 300, 302, writ denied, 96-1490 (La.9/20/96), 679 So.2d 439. Appellate courts, as well as trial courts, may exercise broad discretionary power to decide whether declaratory relief may be appropriate in a particular suit. La.Code Civ.P. arts. 1871, 1872.
We hold that a declaratory judgment is not appropriate in this case because Stewart is also seeking specific performance from the School Board to reinstate its insurance coverages. According to Billingsley, 673 So.2d at 302 (emphasis added) (citations omitted), “A declaratory judgment is one which simply establishes the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done, and its distinctive characteristic is that the declaration stands by itself with no executory process following as a matter of course, so that it is distinguished from a direct action in that it does not seek execution or performance from the defendant or the opposing litigants.”
CONCLUSION
Based on the foregoing, the trial court’s granting of the motion for summary judgment is reversed. Costs of this appeal are cast to the defendants.
REVERSED.
AMY, J., concurs.