Dear Mr. Regan:
On behalf of the City of Crowley, you advise that your Fire Chief plans his retirement. The City, a municipality with a population in excess of thirteen thousand, is a Lawrason Act municipality, governed by the provisions of LSA-R.S. 33:321, etseq., and further operates a paid fire department. Of further import is an ordinance adopted by the City of Crowley, which provides that "vacation may not be accumulated; compensation in lieu of vacation shall not be paid." See Crowley Code, Section 12-7 defining municipal policy with respect to annual vacation. Local fire and police civil services rules adopt similar language prohibiting cash payment in lieu of vacation, but are silent with respect to the accumulation of vacation leave. See Local Rule C(2) governing the Crowley Fire Department, attached.
The Fire Chief is desirous of the maximum retirement benefit entitled him by law, which prompts this office to resolve the alleged conflict by determining whether the ordinance is valid in light of existing state law and local civil service rules. We find the ordinance to be valid, for the following reasons.
LSA-R.S. 33:1996 addresses annual vacation leave of firemen employed by municipalities whose population exceeds thirteen thousand and provides:
 § 1996. Annual vacation
 Firemen in municipalities, parishes and fire protection districts to which this Subpart applies, after having served one year, shall be entitled to an annual vacation of eighteen days with full pay. This vacation period shall be increased one day for each year of service over ten years, up to a maximum vacation period of thirty days, all of which shall be with full pay. The vacation privileges herein provided for shall not be forfeited by any member of the department for any cause. Firemen employed on January 6, 1969 shall have their present longevity considered as a factor in the computation of their vacation benefits as provided herein.
 The provisions of this section shall in no way be construed to affect in any manner any presently existing system of computing vacation periods under which greater vacation benefits are granted than those provided for herein and the same shall continue in full force and effect.
The City of Crowley may adopt policies and procedures regulating the employment of municipal employees, including firemen, subject to any applicable civil service rules and regulations. See LSA-R.S. 33:361 and 33:362.
Ordinances adopted by a municipality cannot be contrary to state law. However, with regard to the authority of the municipality to adopt an ordinance regulating the accumulation of fireman's vacation leave, we find the reasoning of the court inBillingsley v. City of Baton Rouge, 673 So.2d 300 (La.App 1st Cir. 1996), writ den., 679 So.2d 439 (La. 1996) analogous and applicable herein. Pertinent to our discussion is language from the court in Billingsley, supra, which we adopt in reference to the City of Crowley and its ability to impose by ordinance limitations upon a fireman's entitlement to accumulated vacation leave:
 [The City of Crowley] has the power to promulgate rules relating to the accumulation of annual vacation leave, provided that the rules are not contrary to state law. . . . Because [LSA-R.S. 33:1996] is silent as to accumulation of vacation leave, [the ordinance] does not conflict with [LSA-R.S. 33:1996]. See Billingsley, supra, at page 304.
After one year of service, each fireman is entitled to vacation leave equal to eighteen (18) days annually pursuant to LSA-R.S.33:1996. This vacation leave cannot be "forfeited" by the fireman for any cause as provided by LSA-R.S 33:1996; we interpret this to mean that a fireman cannot forfeit his entitlement to vacation leave within the year in which it is granted by statute. Instructive again is language from the court in Billingsley, at page 303, noting that "entitlement to leave is not the same as the accumulation of leave." Since the City of Crowley is empowered to adopt ordinances affecting a fireman's accumulation of vacation leave, and since we find no conflict with either existing state law or local civil service rules, the Fire Chief's asserted entitlement to payment for accumulated vacation leave would be unsupported by statutory authority or existing jurisprudence.
In summary, LSA-R.S. 33:1996 does not authorize the accumulation of vacation leave to be carried over to subsequent years, if it is not used in the year in which it is earned. Additional guidance from Billingsley is found at page 304:
 As general principle, vacation leave provides employees with an opportunity for rest and recreation; it is not designed to permit the accumulation of a vacation or savings account, unless allowed by statute, rule, or if it is the custom of the employer.
We conclude the Fire Chief's entitlement to accumulated vacation leave is legally defined by the City of Crowley via ordinance.
Finally, please see Attorney General Opinion 93-759, attached, which addresses additional questions you asked in your letter regarding the case of Barnett v. Deville, 289 So.2d 129 (La. 1974).
Should you have further inquiries, please contact our office.
Very truly yours,
RICHARD P. IEYOUB
By: ____________________________ Kerry L. Kilpatrick Assistant Attorney General Date Received: Date Released: January 6, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL