bDECUIR, Judge.
TIG Insurance Company appeals judgment of the trial court denying its motion for summary judgment and granting summary judgnent in favor of plaintiff, Ashley Craig (a minor child represented by her parents and legal guardians, Oían D. and Alwin Craig). For the reasons that follow, we affirm.
FACTS
In April of 1998, Ashley Craig signed up to play softball in the Sabine A.S.A. Softball league. By virtue of her participation in the league, Craig was covered by a general liability policy issued by TIG Insurance Company. Subject to a $100.00 deductible, the policy provided $25,000.00 in medical coverage to an injured sporting event participant for “the expense actually incurred ... within 52 weeks after the date of the accident.”
On June 12, 1998, Craig was struck in the face by a softball. She required immediate treatment for which TIG promptly paid. On July 30, 1998, Craig was examined by Dr. Lee Romine, an orthodontist, who determined that orthodontic work was required at a cost of $3,530.00. Dr. Ro-mine’s bill, which included four payment options including a discounted lump sum, was submitted to TIG. TIG requested a letter asserting that the charges were necessitated by the injury Craig suffered. Dr. Romine submitted the requested letter. At TIG’s request, Dr. Romine billed the orthodontic service in a slightly different manner. TIG paid an initial diagnostic fee of $180.00 and initial banding payment of $890.00. Thereafter, TIG paid $114.79 per month from September 1998 to May 1999, for what Dr. Romine termed an “orthodontic adjustment” on his statements. In June 1999, TIG refused payment on the grounds that the 52 weeks had lapsed since the time of the injury.
Craig, through her parents, filed suit against TIG. Both parties filed motions for summary judgment. The trial court denied TIG’s motion and granted Craig’s | ¡.motion and request for penalties and attorney fees. TIG lodged this appeal. Craig answered seeking additional attorney fees for defense of this appeal.
SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal S & L, 615 So.2d 318 (La.1993). A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there exists no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Haywood v. Louisiana Sugar Cane Products, 96-1151 (La.App. 3 Cir. 3/5/97); 692 So.2d 524.
The first issue that must be addressed in reviewing a trial court’s grant of summary judgment is whether any genuine issues of material fact exist. Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La.7/5/94); 639 So.2d 730, appeal after remand, 96-1837 (La.9/27/96); 680 So.2d 1163. The reviewing court must next address whether reasonable minds could conclude, based on the facts presented, the mover is entitled to judgment. Id. In other words, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are *1251 undisputed, and the sole issue remaining is the conclusion to be drawn from the relevant facts. Id.
TIG first argues that the trial court erred in denying its motion for summary judgment and granting Craig’s. TIG argues that the clear language of the policy excludes any coverage for expenses incurred after 52 weeks from the date of the injury. It argues competing lines of cases regarding what “incurred” means and whether the contract contains modifying language. We are not persuaded by these | (¡arguments. It is clear from the initial billing submitted by Dr. Romine that his fee for Craig’s service was $3,530.00 and was incurred when orthodontic services were performed. The fact that he provided a lump sum discount and payment plan options is irrelevant; the installments were optional. Accordingly, the fact that Dr. Romine structured his payment plan as requested by TIG for its convenience cannot be construed to reheve TIG from responsibility for the charges. The trial court did not err in granting Craig’s motion for summary judgment and denying TIG’s.
PENALTIES AND ATTORNEY FEES
By this assignment, TIG contends that the trial court erred in awarding penalties and attorney fees or, in the alternative, that the award is excessive. We disagree.
An insurer has the duty to pay a claim within thirty days of its presentation, unless there exists just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, justifying a delay. La.R.S. 22:657; Nerness v. Christian Fidelity Life Ins. Co., 98-1827 (La.App. 3 Cir. 4/21/99); 733 So.2d 146. Failure to comply with this duty subjects the insurer to penalties as prescribed by the statute and attorney fees. Id. Whether there are such just and reasonable grounds is a question of fact. Id. The trial court’s findings of fact may not be disturbed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989).
We find no manifest error in the trial court’s award of penalties and attorney fees. TIG could have paid the full charge for Dr. Romine at the initial billing. Instead it convinced Dr. Romine to bill in installments to its liking and then used the billing scheme it demanded as a justification for denying benefits. TIG’s actions were clearly arbitrary and capricious. This assignment has no merit.
14With regard to Craig’s claim for additional attorney fees, we amend the judgment of the trial court to award attorney fees of $2,000.00 for defense of this appeal.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed as amended. All costs of these proceedings are taxed to appellant, TIG Insurance Company.
AFFIRMED AS AMENDED.