# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1339

**WILEY STEWART**

**VERSUS**

**CALCASIEU PARISH SCHOOL BOARD, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 93-5922
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**
**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**REVERSED AND RENDERED. APPEAL OF WILEY STEWART DISMISSED.**

**Johnnie A. Jones, Sr.**
**Jones & Jones Attorneys at Law**
**State National Building**
**263 Third Street - Suite 702**
**Baton Rouge, LA 70801-1300**
**Telephone: (225) 383-8573**
**COUNSEL FOR:**
> **Plaintiff/Appellant - Wiley Stewart**

**Charles V. Musso, Jr.**
**Plauche, Smith & Nieset**
**P. O. Box 1705**
**Lake Charles, LA 70602**
**Telephone: (337) 436-0522**
**COUNSEL FOR:**
> **Secondary Defendants/Appellants - Calcasieu Parish School Board,**
> **Administrative Services of Lake Charles, and Washington National**
> **Insurance Company**

THIBODEAUX, Chief Judge.

Defendants, Calcasieu Parish School Board, Administrative Services of Lake Charles, and Washington National Insurance Company (hereinafter collectively referred to as "CPSB"), appeal the trial court's award of penalties and attorney fees to the Plaintiff, Wiley Stewart (Mr. Stewart), based on the trial court's determination that CPSB wrongfully and arbitrarily terminated Mr. Stewart's health insurance benefits. Mr. Stewart appeals the trial court's previous grant of CPSB's motion for partial summary judgment on the issue of damages. For the following reasons, the trial court's award of penalties and attorney fees is reversed, and Mr. Stewart's appeal is dismissed.

## I.

## ISSUE

Did the trial court commit manifest error when it awarded penalties and attorney fees to Mr. Stewart?

## II.

## FACTS

Mr. Stewart filed a petition in district court in November of 1993, asking the court to order CPSB to reinstate his health insurance coverage, to assess damages against CPSB due to the cancellation of his insurance coverage, and to assess penalties and attorney fees against CPSB. As a retired CPSB employee, Mr. Stewart continued to enjoy health insurance coverage through CPSB. While actively employed, the premium payments had been deducted from his payroll checks. Once retired, the premium payments were made by Mr. Stewart in person. The dispute between the parties concerned whether Mr. Stewart was late with his premium payment. CPSB alleged that the premium payment was offered after the deadline for

payment and that is why it canceled his health insurance coverage. Mr. Stewart alleged that his insurance benefits were discontinued prematurely before the policy lapsed into nonpayment, and that CPSB therefore erroneously refused to accept his premium payment when offered.

After seven years of extensive legal arguments in the trial court, this appellate court, and the Louisiana Supreme Court, a judgment was finally rendered that indeed the insurance policy was canceled prematurely, and that Mr. Stewart should be reinstated in the CPSB health insurance plan. *Stewart v. Calcasieu Parish Sch. Bd.*, 99-1193 (La.App. 3 Cir. 3/1/00), 762 So.2d 38, *writ denied*, 00-930 (La. 6/2/00), 763 So.2d 597. This court also ordered the trial court to conduct a trial to determine the amount of damages owed to Mr. Stewart for any insurance claims which accrued during the period of cancellation.

CPSB filed a motion for partial summary judgment on the issue of damages. It alleged that given the information already in the voluminous record, there was no genuine issue of material fact in dispute regarding the issue of damages. The trial court denied CPSB's motion. CPSB appealed the denial of its motion for partial summary judgment to this court. Based on the evidence in the record, and Mr. Stewart's counsel's repeated lack of participation and cooperation with both the trial court and CPSB in terms of producing any other bills or claims to prove his general demand for damages, this court in an unpublished writ opinion reversed the trial court's judgment, and ordered that the motion for partial summary judgment be granted.[1] After Mr. Stewart's petition for a writ of certiorari on the issue was denied by the Louisiana Supreme Court, the order of this court became the unappealable law

---

[1] "The trial court erred in denying relators' Motion for Partial Summary Judgment. Plaintiff failed to submit evidence in opposition to relators' motion as required by La.Code Civ.P. art. 966 et. seq. Accordingly, the trial court's ruling is hereby reversed and set aside and the trial court is hereby instructed to enter judgment in accordance with the above expressed opinion." *Stewart v. Calcasieu Parish Sch. Bd.*, CW 04–1665 (La.App. 3 Cir. 3/2/05).

of the case. *Stewart v. Calcasieu Parish Sch. Bd.*, 05-824 (La. 4/1/05), 899 So.2d 1. The trial court then entered a judgment granting the motion for partial summary judgment, and damages were owed to Mr. Stewart by CPSB in the amount of $7,549.38.

The only issues outstanding in this case were whether penalties and attorney fees, as authorized by La.R.S. 22:657, should be assessed against CPSB. After a number of attempts to get Mr. Stewart's counsel to participate in a hearing on this issue,[2] the trial court ordered that penalties representing 100% of the amount of damages were due to him, as well as attorney fees in the amount of $40,000.00. Mr. Stewart's counsel refused to submit any evidence other than what was already contained within the trial record on either the issue of penalties, or documentation for attorney fees.

CPSB now appeals the trial court's judgment awarding penalties and attorney fees to Mr. Stewart. Mr. Stewart's counsel continues to inappropriately insist that summary judgment was the improper procedural vehicle to adjudicate the issue of damages. As such, his appeal focuses on the propriety of the granting of CPSB's motion for partial summary judgment on the issue of damages.

III.

**LAW AND DISCUSSION**

**Was the Trial Court's Award of Penalties and Attorney
Fees Manifestly Erroneous?**

Appellate courts review findings of fact to determine if the district court committed manifest error or was clearly wrong in its judgment. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). An appellate court is required to review the case record in its

---

[2]Mr. Stewart's counsel continued to insist on trying the issue of <u>damages</u>, despite our prior writ decision ordering the trial court to enter a judgment on damages.

entirety to determine whether the trial court reached a reasonable conclusion based on the facts and evidence in that record. *Id.*

Mr. Stewart based his claim for entitlement to an award of penalties and attorney fees on La.R.S. 22:657(A), which reads:

> A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. *Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court.* Any court of competent jurisdiction in the parish where the insured lives or has his domicile, excepting a justice of the peace court, shall have jurisdiction to try such cases.

La.R.S. 22:657(A) (emphasis added).

An award of penalties and attorney fees under this statute serves as a punishment, and therefore must be applied with great care. "This section is penal in nature and is strictly construed. The burden is on the claimant to prove arbitrariness and capriciousness or lack of probable cause. *Batiste v. Pointe Coupee Constructors, Inc.*, 401 So.2d 1263 (La.App. 1st Cir. 1981), *writ denied*, 409 So.2d 615 (La.1981)." *Marien v. Gen. Ins. Co. of Am.*, 02-545, p. 12 (La.App. 3 Cir. 2002), 836 So.2d 239, 249 (quoting *Sanders v. Wysocki*, 92-1190, p. 8 (La.App. 4 Cir. 1/27/94), 631 So.2d 1330, 1335, *writ denied*, 94-506 (La. 4/22/94); 637 So.2d 156), *writs denied*, 03-474 (La. 5/9/03), 843 So.2d 396, 03-513 (La. 5/9/03), 843 So.2d 397; *See also Robin v.*

4

*Allstate Ins. Co.*, 03-1009, 03-926 (La.App. 3 Cir. 3/24/04), 870 So.2d 402, *writ denied*, 04-1383 (La. 9/24/04), 882 So.2d 1143.

The determination as to whether an insurer acted arbitrarily or capriciously is a fact-based analysis, and therefore cannot be overturned by an appellate court absent a finding of manifest error, or that the trial court was clearly wrong. "'The determination of whether an insurer's handling of a claim is arbitrary or capricious is one of fact, which should not be disturbed on appeal unless it is manifestly erroneous.'" *Robin v. Allstate,* 870 So.2d at 410 (quoting *Myers v. Broussard*, 96-1634, p. 29 (La.App. 3 Cir. 5/21/97), 696 So.2d 88, 103).

The party claiming entitlement to penalties and attorney fees bears the burden of proving that the insurer had sufficient proof that payment on a claim was due as a basis for establishing that the insurer was arbitrary and capricious in denying the claim. *Reed v. State Farm Mut. Auto. Ins. Co.*, 03-107 (La. 10/21/03), 857 So.2d 1012, *writ denied*, 04-3147 (La. 3/24/05), 896 So.2d 1044.

The determination of whether the insurer acted arbitrarily or capriciously must be based, at least in part, on the information known to the insurer at the time the claim was made. If the insurer has a good faith, reasonable explanation for its failure to timely pay on a claim, then the penalty provisions should not apply. *Myers*, 696 So.2d 88. Also, when a reasonable disagreement exists between an insurer and an insured, it is not arbitrary and capricious or without probable cause on the part of the insurer to deny payment on the claim that is in dispute. *Wiley v. Safeway Ins. Co.*, 99-161 (La.App. 3 Cir. 7/14/99), 745 So.2d 636. "Whether there are such just and reasonable grounds is a question of fact. The trial court's findings of fact may not be disturbed on appeal absent manifest error." *Craig v. K & K Ins. Group, Inc.*, 00-1549, p. 3 (La.App. 3 Cir. 2/28/01), 780 So.2d 1249, 1251 (citation omitted), *writ denied*, 01-839 (La. 5/11/01), 792 So.2d 738.

**Does the Record Support the Trial Court's Determination that
CPSB was Arbitrary and Capricious in its Cancellation of
Mr. Stewart's Health Insurance?**

As the party claiming an entitlement to penalties and attorney fees, Mr. Stewart had the burden of proving that CPSB was arbitrary and capricious in its cancellation of his health insurance benefits. Mr. Stewart presented no evidence whatsoever at the trial on this issue, even after repeated requests for him to do so from the trial court. He was even given more time by the trial court to assemble evidence on the issue of whether CPSB was arbitrary and capricious. He refused the trial court's offer.

Therefore, we must examine the record to determine if there is evidence of arbitrary and capricious behavior by CPSB that would support the trial court awarding penalties and attorney fees to Mr. Stewart. In his oral reasons for judgment, the trial court judge stated that his basis for assessing penalties and attorney fees was, "[T]hat is was improper to deny coverage based upon failure to make a payment, when the school board should have made the payment for him taking it out of his check, that is. That it was unreasonable for the school board to have denied payment of the claim presented by Mr. Stewart. And accordingly, Mr. Stewart is entitled to double the payments that has [sic] been adjudicated . . . ."

Our review of the record reflects that reasonable persons could conclude that there was a genuine and good faith basis for CPSB's cancellation of Mr. Stewart's health insurance. There were a number of documents reflecting different due dates by which Mr. Stewart had to pay his monthly insurance premium in order for his health insurance benefits to stay active and not get canceled. In fact, all but one document reflected a due date of December 4, 1992.

Therefore, it would have been a reasonable and good faith decision on the part of CPSB to deny Mr. Stewart's attempt to pay his insurance premium when

he presented it on February 4, 1993. The trial court found that there was enough evidence to grant a motion for summary judgment in favor of CPSB, stating that there was no genuine issue of material fact as to whether the insurance premiums were canceled correctly. A jury also rendered a verdict stating the same conclusion. This court reversed both of those judgments, stating in each case that an internal memo from the CPSB Finance Department indicated that the insurance payment was not late unless received after February 5, 1993.

In the judgment reversing the trial court's grant of summary judgment in favor of CPSB, we stated that although there was *prima facie* evidence that CPSB prematurely canceled the insurance policy, "reasonable persons could disagree as to whether the School Board acted properly in canceling his insurance policy." *Stewart v. Calcasieu Parish Sch. Bd.*, 97-904, p. 4 (La.App. 3 Cir. 2/4/98), 707 So.2d 487, 488. If reasonable persons could disagree, then CPSB did not act arbitrarily and capriciously when it canceled Mr. Stewart's health insurance.

It is important to note that no court rendering judgment on the issues in this case over the course of the thirteen years this case has been adjudicated has ruled that CPSB was required by law to take Mr. Stewart's health insurance premium payment out of his retirement benefit check, and was therefore arbitrary and capricious for not doing so. Based on our review of the record, and what it contains and does not contain, the trial judge committed manifest error when he awarded penalties in the amount of $7,549.38 to Mr. Stewart.

The plain language of La.R.S. 22:657(A) states that penalties "together with attorney's fees" are payable to the insured as a punishment for the insurer's failure to comply with the provisions of that section of the statute. La.R.S. 22:657(A). "The words 'together with attorney's fees' indicate attorney's fees may only be assessed when grounds exist to award penalties. See *Miley v. Fireside Mut.*

7

*Ins. Co.*, 200 So. 505 (La.App.1st Cir. 1941). Having determined no grounds existed to award the statutory penalty, it was clearly wrong for the trial court to award attorney's fees." *Lucito v. La. Hosp. Serv., Inc.*, 392 So.2d 700, 703 (La.App. 3 Cir. 1980). Thus, if penalties were erroneously awarded to Mr. Stewart by the trial court, so were attorney fees.

CPSB's assertion that the trial court's award of attorney fees in the amount of $40,000.00 was manifestly erroneous, and its contention that the trial court's award of legal interest on the award of attorney fees was manifestly erroneous, are both made moot by our judgment.

## Appeal by Mr. Stewart

Mr. Stewart's counsel has missed the point. Despite many entreaties and attempted guidance by the trial court directing him to address the now final issue of damages, and the current issue of penalties and attorney fees, he has adamantly refused to heed that advice. The trial court's judgment granting CPSB's motion for partial summary judgment on the issue of damages was entered on the order of this court, after Mr. Stewart appealed this issue up to the Louisiana Supreme Court, and his writ for grant of certiorari on the issue was denied. *Stewart*, 899 So.2d 1. As such, it is final and no longer appealable. Therefore, his appeal of the judgment of the trial court granting CPSB's motion for partial summary judgment on the issue of damages is dismissed.

IV.

## CONCLUSION

Under La.R.S. 22:657(A), an insured party making a claim for penalties and attorney fees against their insurer bears the burden of proving that the insurer either denied coverage or failed to pay a claim when confronted with proof that it was

due, and that the insurer did so without probable cause, in an arbitrary and capricious manner. Mr. Stewart's counsel failed to present any evidence, and therefore did not meet his burden of proving that CPSB acted either arbitrarily or capriciously when it canceled Mr. Stewart's health insurance. Because Mr. Stewart did not meet his burden of proof, the trial court committed manifest error when it awarded him penalties and attorney fees pursuant to La.R.S. 22:657(A). The trial court's judgment is reversed, and all costs of this appeal are cast to Mr. Stewart.

Mr. Stewart's attempt to revive the already-decided issue of damages is dismissed. All costs of the entire appeal are cast to Mr. Stewart.

**REVERSED AND RENDERED. APPEAL OF WILEY STEWART DISMISSED**.