IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-30357

DIANA DOIRON

Plaintiff-Appellee

v.

CONSECO HEALTH INSURANCE COMPANY

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 04-784-JJB-CN

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

In this appeal, Defendant-Appellant Conseco Health Insurance Company ("Conseco") appeals the district court's grant of Plaintiff-Appellee Diana Doiron's ("Doiron") Motion for Class Certification. We vacate and remand.

I.

The proposed lead plaintiff, Doiron, filed suit on behalf of a class of approximately 198 Conseco policyholders, alleging that Conseco breached its policy obligations. Doiron alleges she purchased a policy of cancer insurance for

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

herself and her husband. She alleges the policy obligated Conseco to pay specified benefits for charges incurred if she or her husband was diagnosed with cancer. Doiron's husband was subsequently diagnosed with cancer. He underwent medical treatment including radiation and chemotherapy treatment, but later died due to his illness. Doiron alleges that although she submitted proof of loss, medical records, medical bills, and other documentation to Conseco, Conseco paid only some benefits but denied others including some benefits submitted under the policy's Radiation/Chemotherapy Benefit provision.[1]

Doiron claims that Conseco's failure to pay all the benefits is a breach of contractual obligations and sought class certification for similarly situated plaintiffs. Doiran alleges that Conseco has a uniform corporate policy of denying claims for benefits for certain charges that she and other class members incurred as part of their radiation and chemotherapy treatments. Doiron proposed two sub-classes, which the district court accepted. One sub-class consists of policyholders who incurred specific charges as part of their radiation treatment and whose claims were or will be denied by Conseco. The other sub-class

---

[1] The Radiation Chemotherapy Benefit reads:
We will pay this benefit if your physician prescribes radiation or chemical treatments for the destruction of abnormal tissue as part of cancer treatment. Examples of these treatments include:

- X-ray radiation;
- Radium and cesium implants;
- Cobalt;
- Hormone therapy; and,
- Chemotherapy.

The U.S. Food and Drug Administration must have classified the cancer treatment either as approved or investigational. These treatments may be performed on an inpatient or outpatient basis.

We will not pay for any type of diagnostic tests or laboratory tests related to these treatments.

The maximum amount payable for approved and investigational treatment for each person insured by this policy is shown in the Benefit Schedule.

consists of policyholders who incurred specified charges as part of their chemotherapy treatment and whose claims were or will be denied by Conseco.

During discovery Conseco agreed to conduct a random sampling of 28 class members (the "sample group") and to review their claim records. Both parties stipulated that this review indicated, inter alia, that: (1) Conseco paid at least one claim for radiation or chemotherapy treatment benefits under the Radiation/Chemotherapy Benefit provision for Doiron and each person in the sample group; (2) Conseco denied for Doiron and each person in the sample group at least one claim for benefits for one or more of disputed radiation and chemotherapy treatment charges solely for the reason that they were "not covered" under the Radiation/Chemotherapy Benefit provision; and (3) Conseco denied claims, including radiation and chemotherapy claims, for eligibility or timeliness reasons for some in the sample group.

The district court held that Doiron's proposed sub-classes satisfied the requirements of Rules 23(a) and 23(b)(3). For the reasons that follow, we vacate certification of the sub-classes and remand to the district court for further proceedings consistent with this opinion.

II.

We review a district court's certification of a class for abuse of discretion. O'Sullivan v. Countrywide Home Loans, Inc., 319 F.3d 732, 738 (5th Cir. 2003). "Implicit in this deferential standard is a recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to manage and control pending litigation." In re Monumental Life Ins. Co., 365 F.3d 408, 414 (5th Cir. 2004) (quoting Allison v. Citgo Petroleum Corp., 151 F.3d 402, 408 (5th Cir. 1998)). We review the legal standards applied by the district court de novo. Id. Conseco challenges the district court's certification order on a number of grounds which we consider below.

A.   Rule 23(a) Commonality

Conseco argues that the district court erred because the individuals in the sub-classes do not present a common issue of law.  Conseco argues that it may have denied claims because they were untimely, duplicate, lacked proof of loss, or were "not covered" under a provision of the policy.  This is because the approved sub-class definitions sweep into the sub-classes both (1) policyholders that have had claims denied as "not covered" under the Radiation/Chemotherapy Benefit provision and (2) policyholders that have had claims denied for other reasons.  As such, Conseco argues that for each sub-class member the court will have to do a claim-by-claim analysis to determine whether the claim was denied under the Radiation/Chemotherapy Benefit provision.

Commonality requires that there be "questions of law or fact common to the class."  James v. City of Dallas, 254 F.3d 551, 570 (5th Cir. 2001).  The plaintiff need only show that "there is at least one issue whose resolution will affect all or a significant number of the putative class members.  Forbush v. J.C. Penny Co., 994 F.2d 1101, 1106 (5th Cir. 1993) (citation omitted).  That "some of the plaintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to commonality."  James, 254 F.3d at 570.

Although every member of the sample group had at least one claim that Conseco denied for the sole reason that it was "not covered" under the Radiation/Chemotherapy Benefit provision, it is impossible to know whether this commonality extends to every member of the class.  Thus, the district court erred in approving the sub-classes, as defined, because they may sweep into the sub-classes policyholders who had claims denied for reasons other than that the claims were "not covered" under the Radiation/Chemotherapy Benefit provision.  Although all other requirements of Rule 23(a) are satisfied by these sub-class definitions, on remand the district court should revisit the sub-class definitions to narrow the sub-classes such that they include only policyholders who had

claims denied only because they are "not covered" under the Radiation/Chemotherapy Benefit provision. Once the sub-classes are so defined, the sub-classes will satisfy every element of Rule 23(a).

B.     Rule 23(b)(3) Predominance and Superiority

Conseco argues that common issues do not predominate because the court cannot determine liability by simply interpreting the language of the Radiation/Chemotherapy Benefit provision. The court, Conseco continues, would have to conduct individualized mini-trials for sub-class members to determine the reasons Conseco denied their claims and whether other reasons for denying the claims shield Conseco from liability.

The predominance inquiry requires that questions of law or fact common to the members of the class "predominate over any questions affecting only individual members." Unger v. Amedisys Inc., 401 F.3d 316, 320 (5th Cir. 2005). This requirement, although similar to the commonality requirement of Rule 23(a), is "far more demanding" and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Id. The predominance inquiry requires a court to consider, if the class were certified, how trial on the merits would be conducted. Bell Atlantic Corp. v. AT&T Corp., 339 F.3d 294, 302 (5th Cir. 2003). The superiority requirement is simply that "class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED R. CIV. P. 23(b)(3).

As discussed above, it is true that, as the sub-classes are currently defined, they sweep in claims that may have been denied for reasons other than as "not covered" under the Radiation/Chemotherapy Benefit provision. If the sub-classes are not narrowed as set forth above, Conseco would have a valid point that many of the relevant claims were denied as untimely, duplicate, or lacking in proof of loss. If class members decided to challenge the denial of these claims, the court would have to conduct mini-trials, which would prevent common issues

5

from predominating in each sub-class. We are satisfied, however, that the sub-class definition set forth above including only policyholders whose claims were denied for the sole reason that they are "not covered" under the Radiation/Chemotherapy Benefit provision, would satisfy this concern. As redefined the sub-classes would not include policyholders against whom Conseco has the aforementioned alternative defenses and would thus satisfy the predominance requirement of Rule 23(b)(3). Conseco also argues that class action is not the superior method of resolving these policyholders' claims. On this point, we agree with the district court that class action is more efficient than dealing with over one hundred individual suits relying on the same theory and proof of liability. We conclude that the sub-classes, redefined as discussed above, would satisfy all the requirements of Rule 23(b)(3), including both predominance and superiority.

C.     Bad Faith

Louisiana insurance law requires that an insurer pay covered claims for medical bills no more than thirty days from the date the insurer receives notice and proof of the claim, unless the failure to pay is supported by just and reasonable grounds. LA. R. S. § 22:657. Unless a denial is based on just and reasonable grounds, it is deemed "arbitrary and capricious." Stewart v. Calcasieu Parish Sch. Bd., 933 So.2d 797, 801 (La. App. 3d Cir. 2006). Whether a denial is arbitrary or capricious is a fact-based analysis. Id.

Doiron alleges that Conseco was arbitrary and capricious in denying policy benefit payments to the plaintiff and the other class members. Conseco argues that Doiron's bad faith claims preclude class certification because they require a fact-based analysis of each claim to determine whether Conseco acted in an arbitrary and capricious manner. Under the current sub-class definitions, the court would have to test each claim individually to determine whether it was made in bad faith. If the sub-classes are redefined as described above, however,

individualized fact-based inquires to examine bad faith claims will be unnecessary. Doiron and the other class members would have to show that Conseco's failure to pay for covered charges was unreasonable, which would turn on Conseco's interpretation of the policy's coverage for chemotherapy and radiation, issues that would not vary among different class members. Thus, with the sub-classes redefined as discussed above, the question of bad faith claims does not create an obstacle to class certification.

III.

For all the reasons stated above, we conclude that the sub-classes should be narrowed such that they include only policyholders whose claims were denied for the sole reason that they are "not covered" under the Radiation/Chemotherapy Benefit provision. The sub-classes, so defined, would satisfy the requirements of Rule 23(a) and Rule 23(b)(3), including those challenged by Conseco, and would justify class certification. We thus VACATE the certification order and REMAND to the district court for redefinition of the sub-classes and for further proceedings consistent with this opinion.

VACATED and REMANDED.