GREMILLION, Judge,
dissenting.
11 Words have meanings; definitions are foundational to knowledge. Thus, we know that a circle does not have corners, and that a bachelor does not have a wife. Similarly, we know that a “season” does not last all year. Rather, as multiple dictionaries report, a “season” is a “part” of a year or a “period” of the year. But, exactly what dates on the Gregorian calendar constitute an official football season? And, why would the policy at issue not define “season” by simply providing those dates? Is football not a fall and winter sport? If so, can it possibly be that the season of a fall and winter sport could include spring? Is “spring training” and/or summertime “two-a-day” practices part of the official season of football? Or, while clearly being related to the sport of football, are those activities more correctly viewed as a traditional part of football’s “off-season”?
Those are fair and material questions; therefore, summary judgment as to the coverage question is precluded. That they are fair requires a conclusion that there is no bad faith, and' summary judgment should be granted as to the issues of penalties and attorney fees. I, therefore, concur with the majority in part, but must also respectfully dissent in part.
^National Union has neither misstated its policy language nor has it hidden it. On the contrary, National Union has forcefully taken up its coverage defense. It has employed logical arguments taken from dictionaries, popular culture, and the Louisiana High School Football Athletics Association’s own governing body. It has reminded this court of the date of LSU’s first game, and of the Saints’ last game. And, it has appealed to our understanding of the “plain, ordinary, and generally prevailing” meaning of “football season.”
This court has said that “when a reasonable disagreement exists between an insur *453 er and an insured, it is not arbitrary and capricious or without probable cause on the part of the insurer to deny payment on the claim that is in dispute.” Stewart v. Calcasieu Parish School Bd., 05-1339, p. 5 (La.App. 8 Cir. 5/3/06), 933 So.2d 797, 801, writ denied, 06-1910 (La.11/3/06), 940 So.2d 666. Our supreme court has written that “where the insurer has legitimate doubts about coverage, the insurer has the right to litigate these questionable claims without being subjected to damages and penalties.” Calogero v. Safeway Ins. Co. of LA., 99-1625, p. 5 (La.1/19/00), 753 So.2d 170, 173.
Our record reveals no evidence of arbitrary, capricious, unreasonable, or bad faith claims handling; rather, it reveals reasonable disagreements and legitimate doubts about coverage. Thus, with regard to the trial court’s denial of National Union’s motion for summary judgment as to the issues of penalties and attorneys fees, I would reverse and find that National Union should not be cast with fees for arbitrary and capricious behavior.